**LIFE INSURANCE COMPANY OF THE SOUTHWEST, Appellant,**

v.

**Jacquei Mae OVERSTREET, Appellee.**

No. 18068.

Court of Civil Appeals of Texas, Fort Worth.

April 26, 1979.

Rehearing Denied May 17, 1979.

Brown, Herman, Scott, Dean & Miles, and J. Shelby Sharpe, Fort Worth, for appellant.

Herrick & Waltrip, and John W. Herrick, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

A life insurance company appeals the judgment of the trial court against it for the face amount of a policy of life insurance plus attorney's fees. The question is whether the effective date of the policy is the one stated thereon, or the date when the first year's premium was paid and coverage became effective. The answer will determine whether the named insured died within the 31 day grace period thus entitling his widow to the policy proceeds as the beneficiary. The trial court found the policy, including the grace period, was in force on the date of the insured's death.

We affirm.

In 1971 the insurer issued a five year convertible term life insurance policy on the life of Maxie Overstreet. His wife, Jacquei Mae, was the beneficiary. The policy was convertible into an endowment insurance policy. In February 1972 the Overstreets applied for the conversion of the policy to an endowment at age 90 policy. Overstreet issued a check for the premium for the endowment policy on March 6, 1972 but it failed to clear his bank. On March 15, 1972 the insurer issued the endowment policy with March 15, 1972 as the stated effective date. Another check was issued for the premium on April 13, 1972. A representative of the insurer testified that this check was received on April 17 and applied April 18, 1972.

As of April 15, 1973 the Overstreets had not made any premium payment for the second year of the endowment policy. The insurer sent them notices that the premium was past due and finally that the policy had terminated. However, the insurer offered to reinstate the endowment policy if the Overstreets paid the premium which they did on April 25, 1973. The payment on April 25, 1973 was the last payment made on the policy. Overstreet died April 24, 1974.

Mrs. Overstreet demanded payment of the policy proceeds but the insurer refused. The insurer's position is that the third year premium was due on March 15, 1974, the anniversary of the effective date stated in the policy. Since no premium was paid, it contends the 31 day grace period began to run March 15, 1974 and expired April 15, 1974. Thus the insurer concludes that Overstreet died nine days after the expiration of the grace period and Mrs. Overstreet is not entitled to any benefits. Mrs. Overstreet's position as stated in her pleadings is:

"Notwithstanding the recitation on the face of the involved policy that the effective date of such policy was March 15, 1972, such policy did not, in fact, come into force as a contract of insurance until April 18, 1972, with premiums to be paid on an annual basis. Premiums for the first annual term of this policy were paid on April 18, 1972, and the premiums for the second annual term of this policy were paid on April 29, 1973. Maxie James Overstreet died on or about April 24, 1974, which date was within the second annual time period, including the 31-day grace period that the policy was in force, thereby obligating Defendant to pay the death benefits . . . to Plaintiff as provided therein."

This clearly indicates that Mrs. Overstreet believes that the effective date of the policy was April 18, 1972. It also presents her contention that under the terms of the contract she was entitled to a full year's coverage for the premium paid. The trial court after a nonjury trial found as follows:

"1. The involved policy became in force on April 18, 1972, on an annual premium basis.

"2. Annual premiums subsequent to the initial annual premium were due on the 18th day of April of each year the policy was to be continued in force.

"3. The life insurance policy in question was in full force and effect on April 24, 1974, the date of the death of Maxie Overstreet, the insured."

The insurer attacks these findings claiming that there is no evidence in the record to support them. It contends the evidence established as a matter of law that the policy had expired prior to Overstreet's death, that March 15, 1972 was the effective date of the policy, and that all annual premiums were due on March 15 for each year following 1972. In order to resolve this dispute it is necessary to review the insurance contract and other evidence in detail.

The policy provides that the application and the policy constitute the entire contract between the parties. Paragraph 3 of the application states:

"3. Any insurance approved by the Company for issuance as a result of this application, unless effective prior to policy delivery in the manner specified in the receipt attached hereto, shall be considered in force only when a policy shall have been issued by the Company and said policy manually received and accepted by the Applicant and the full first premium paid thereon, . . . ."

A thorough review of the record fails to disclose the attachment of any receipt referred to in paragraph 3 nor any evidence thereof. Therefore we conclude that the policy became effective when the requirements of paragraph 3 were fulfilled. Further, a representative of the insurer testified that the policy did not become effective until April 18, 1972 when the first year premium was paid. Therefore, we conclude that there is evidence in the record to support the finding that the policy went into effect April 18, 1972 by the insurer's own construction.

The policy also provides:

"The consideration for this Policy is the application therefor and the payment of premiums as herein provided. The first premium . . . is payable on the Effective Date and subsequent premiums are payable in periodic instalments thereafter until premiums have been paid for the period specified in the Insurance Schedule or until the prior death of the Insured. . . .

"The payment of an annual, . . . premium will maintain this Policy in force for one year, . . . .. Such periods will be deemed to expire and the next premium shall fall due on the same day of the month on which the first premium is due. Failure to pay any premium when due or within the period of grace provided shall cause this Policy immediately to become void except as otherwise provided herein."

Mrs. Overstreet contends that because the policy did not become effective until the first premium was paid on April 18, 1972 and the policy provides that premium payment will keep the policy in force for one year, April 18, 1972 is the effective date of the policy for all purposes. The insurer claims that the effective date is March 15, 1972 as stated in the policy. It contends that a stated effective date in a policy is different and distinct from the date coverage under the policy became effective. It claims that as a matter of law the effective date is as stated in the policy.

As authority for its position the insurer cites *Great Southern Life Ins. Co. v. Peddy*, 139 Tex. 245, 162 S.W.2d 652 (1942). *Peddy* holds that where a life insurance policy expressly specifies the date from which the policy premium periods are to be computed and makes that date the due date for premiums, that date will control over the date the policy is delivered and first premium paid. This stated date will control regardless of a provision in the policy that the insurance will not be effective until the policy is issued, delivered, and the first premium paid. The decision recognizes the need for a certain date upon which the

**932**

parties can rely in computing the various time periods under the policy.

The supreme court's opinion in *Peddy* quoted from the policy in that case at p. 653 as follows:

" 'This contract is made in consideration of the payment of the first annual premium (or installment thereof) of (here is stipulated the amount of the annual premium) and the payment of a like premium on the *twenty-fifth day of November* in every year during the continuance of this contract until the death of the insured.' " (Emphasis ours.)

After a careful study of the entire policy in this case we do not find the express specification of a due date for premiums as in *Peddy*. The policy here states that payment of an annual premium will keep the coverage in force for one year and that subsequent premiums are due on the same day of the month as the first premium which is payable on the effective date of the policy. Thus the question is whether the parties intended for the effective date of the policy to be the date the policy actually became effective by delivery and premium payment or the stated effective date.

The insurer contends that an effective date of a policy is a date separate and distinct from the date coverage under the policy went in force. As authority for this proposition the insurer cites *Peddy* and *Southland Life Ins. Co. v. Vela,* 147 Tex. 478, 217 S.W.2d 660 (1949). It points out that the effective date is a date from which various calculations under the policy are made, while the date the policy becomes in force is the date coverage under the policy becomes effective. The insurer further notes that the supreme court has approved insurance contracts in which coverage becomes effective after the effective date, resulting in the insured paying an annual premium for less than a full year's coverage. *Vela, supra.*

While we recognize that insurance contracts may contain such provisions, the insurer would read *Peddy* and *Vela* as establishing as a matter of law that the effective date of a policy is always different from the date coverage became effective. We do not agree. The policy in *Vela* at p. 662 provided:

" '(3) that there shall be no liability hereunder until a policy shall be issued and manually delivered to me and accepted by me during my lifetime and continued good health and the first premium thereon shall be actually paid to and accepted by the Company or by its duly authorized agent, *but when so delivered and paid for, the policy shall be in force from its effective date as shown on the face thereof, and the first policy year shall begin with that date,* * * *.' " (Emphasis ours.)

■ The policy in *Vela* also expressly provided that its effective date was September 18, 1942 and that premiums were payable quarterly on the 18th day of each September, December, March, and June thereafter until the death of the insured. The policy as drafted in our case fails to clearly relate the date coverage became effective back or forward to the effective date stated in the policy and fails to expressly specify a due date for premiums. The policy states that payment of premium will keep the coverage in force for one year. Therefore, because of the manner in which the policy was drafted, the policy is distinguished from those in *Peddy* and *Vela*. In our opinion it has not been established as a matter of law that March 15, 1972 was the effective date. We find that the pleadings and evidence presented the trial court with a fact question of whether March 15 or April 18, 1972 was intended to be the date from which premium periods would be calculated. We find that the pleadings were sufficient to support the testimony of the insurer's representative concerning the effective date of the policy. In any event the testimony was admitted without objection and therefore Tex.R.Civ.P. 67 applies.

■ The insurer contends there is no evidence to support the finding that premiums were due on April 18th for each year of the policy and that it was established as a matter of law that premiums were due each

March 15th. Thus if there is any evidence more than a scintilla which, with the inferences that may be properly drawn therefrom, supports the finding, it must be sustained. After thoroughly reviewing the record we conclude there is some evidence which supports the finding.

The manager of the insurer's "policy owner service department" testified that her duties included servicing contracts which became effective after the payment of the first premium. She testified that had Overstreet died April 15, 1972 no benefits would have been paid because the policy was not in force. Further she indicated that the payment of an annual premium would keep the policy in force for one year. We find that this along with other evidence supports the finding by the insurer's own construction. We note that the insurer has not complained that the finding is against the great weight and preponderance of the evidence. Thus we considered only the evidence which supports the finding in reaching our conclusion. Our decision is guided by the well established rule that where as here the terms of an insurance policy are capable of more than one construction, the courts are to adopt the construction most favorable to the insured. 32 Tex.Jur.2d Insurance § 60 (1962). Here paragraph 3 of the application and the testimony of the insurer's representative established that the policy would not become effective until the first premium was paid and that payment of the annual premium would keep the policy in force for one year. Without a provision expressly specifying the due date for premiums or clearly relating the date coverage became effective back or forward to the stated effective date, as in *Peddy* and *Vela,* there is a conflict with the provisions of the policy stating an effective date and that the first premium is payable on the effective date.

In our opinion the trial court properly resolved the conflict in favor of coverage under the policy and against the insurer who drafted the contract. We hold that where the stated effective date of a policy is intended to be different from the date on which coverage became effective, it must be clearly stated in the policy. The insured is entitled to be clearly informed whether or not an annual premium will keep the policy in force for a full year. We do not find in this policy the clear expression found in the policies in *Peddy* and *Vela*. We conclude the trial court properly rendered judgment for the beneficiary under the policy.

By its final two points of error the insurer complains of the award of attorney's fees the trial court made in its judgment. The only error alleged is based on the position that Mrs. Overstreet is not entitled to recover because the policy had terminated. Having decided that she is entitled to recover we overrule these points.

Although we may not have separately discussed each of appellant's points of error, each point of error presented in complaint of the trial court's judgment has been severally considered. They are all overruled.

The judgment of the trial court is affirmed.

HUGHES, J., dissents.

HUGHES, Justice, dissenting.

I respectfully dissent.

The basis of the majority's opinion is that this policy is distinguishable from those in *Peddy* and *Vela* because it is not clearly provided that the stated effective date was to control over the date on which coverage became effective for the calculation of premium due dates, grace periods, and the like under the policy. I cannot agree for two reasons.

First, in my opinion, as a matter of law where an effective date is expressly stated in a policy it controls. Effective dates are necessary for the many calculations which a policy of insurance requires. Further, expressly specifying an effective date is intended to benefit the insured by informing that person of the exact dates upon which the premium obligations fall. While it may be possible for the parties to an insurance contract to agree differently, I conclude that, without proving a different agreement, or where the contract is silent, the

stated effective date controls over the date coverage became effective, should the dates be different.

Second, after reviewing the record I conclude that the evidence established as a matter of law that premiums were due each March 15th during the life of the policy. While I agree with the majority that the policy in this case could and should have been more clearly drafted, only one reasonable conclusion can result from an examination of the terms of the policy and other evidence. That conclusion is that the first and subsequent premiums were due March 15th.

The policy stated that the first premium was payable on the effective date. The effective date stated was March 15, 1972. It also provided that payment of an annual premium would keep the policy in force for one year. It is this language which the majority finds conflicting. However, the policy goes on to provide as follows:

"Such periods (periods of coverage for premium paid, here one year) will be deemed to expire and the next premium shall fall due on the same day of the month on which the first premium is due."

While I agree that this language is not as clear as the policies in *Peddy* and *Vela,* I cannot agree that it was shown to be conflicting. Rather, the evidence established as a matter of law that March 15th was the due date for the annual premiums under the policy.

I would, therefore, reverse the judgment of the trial court and render judgment that appellee take nothing.