[841 NE2d 742, 807 NYS2d 583]

NEIL A. GOLDMAN, on Behalf of Himself and All Others Similarly Situated, Appellant, v METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

ALLEN S. FRANCO et al., Appellants, v THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Respondent.

MICHAEL KATZ, Appellant, v AMERICAN MAYFLOWER LIFE INSURANCE COMPANY OF NEW YORK, Respondent.

Argued October 17, 2005; decided November 21, 2005

**POINTS OF COUNSEL**

*Goodkind Labaton Rudoff & Sucharow LLP,* New York City (*Ira A. Schochet, Joel H. Bernstein* and *Stacey Fishbein* of counsel), *Goldman Scarlato & Karon, P.C.,* Conshohocken, Pennsylvania (*Mark S. Goldman* and *Brent T. Jordan* of counsel), and *Weinstein Kitchenoff & Asher, LLC,* Philadelphia, Pennsylvania (*David H. Weinstein* of counsel), for appellant in the first above-entitled action. I. The policy documents are ambiguous and misleading. (*Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44; *Bronx Sav. Bank v Weigandt,* 1 NY2d 545; *United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229; *Sloman v First Fortis Life Ins. Co.,* 266 AD2d 370; *Matter of Ideal Mut. Ins. Co. [Superintendent of Ins. of State of N.Y.—Harbour Assur. Co. of Bermuda],* 231 AD2d 59; *Holmes Protection of N.Y. v National Union Fire Ins. Co. of Pittsburgh,* 152 AD2d 496; *Matter of Mostow v State Farm Ins. Cos.,* 88 NY2d 321; *Janneck v Met. Life Ins. Co.,* 162 NY 574; *Greenfield v Philles Records,* 98 NY2d 562; *Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc.,* 10 AD3d 699.) II. Other courts in New York and elsewhere have upheld claims against insurers in risk-free pe-

riod cases. (*MDW Enters. v CNA Ins. Co.*, 4 AD3d 338; *Randazzo v Gerber Life Ins. Co.*, 3 AD3d 485, 2 NY3d 704; *Dougherty v William Penn Life Ins. Co. of N.Y.*, 3 AD3d 469, 2 NY3d 704; *Topel v Reliastar Life Ins. Co. of N.Y.*, 6 AD3d 608.) III. Dismissal of appellant's cause of action for breach of contract was improper. (*Lachs v Fidelity & Cas. Co. of N.Y.*, 306 NY 357; *Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321.) IV. Dismissal of appellant's cause of action for unjust enrichment was improper. (*Wolf v National Council of Young Israel*, 264 AD2d 416; *Plant City Steel Corp. v National Mach. Exch.*, 23 NY2d 472; *Merrill Lynch, Pierce, Fenner & Smith v Chipetine*, 221 AD2d 284; *Springer v Allstate Life Ins. Co. of N.Y.*, 94 NY2d 645; *Great N. Ins. Co. v Mount Vernon Fire Ins. Co.*, 92 NY2d 682; *North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281; *Caldwell v ABKCO Music & Records*, 269 AD2d 206; *Natimir Rest. Supply v London 62 Co.*, 140 AD2d 261.) V. Dismissal of appellant's cause of action for breach of the implied covenant of good faith and fair dealing was improper. (*Kirke La Shelle Co. v Armstrong Co.*, 263 NY 79; *Dalton v Educational Testing Serv.*, 87 NY2d 384; *White Angel Realty v Asian Bros. Corp.*, 183 Misc 2d 674; *Just-Irv Sales v Air-Tite Bus. Ctr.*, 237 AD2d 793; *Broder v MBNA Corp.*, 281 AD2d 369; *Zurakov v Register.Com, Inc.*, 304 AD2d 176; *Jaffe v Paramount Communications*, 222 AD2d 17; *Sims v First Consumers Natl. Bank*, 303 AD2d 288; *Frydman & Co. v Credit Suisse First Boston Corp.*, 272 AD2d 236.)

*Baker & McKenzie*, San Francisco, California, New York City (*Christopher Van Gundy* and *Mark R. Winston* of counsel), for respondent in the first above-entitled action. I. Plaintiff's breach of contract claim fails as a matter of law because the policy admittedly disclosed when coverage began, and when the second premium was due. (*Kraft v Sheridan*, 134 AD2d 217; *Atkinson v Mobil Oil Corp.*, 205 AD2d 719; *Klein v Empire Blue Cross & Blue Shield*, 173 AD2d 1006; *MG Ref. & Mktg., Inc. v Knight Enters., Inc.*, 25 F Supp 2d 175; *Nowak v Ironworkers Local 6 Pension Fund*, 81 F3d 1182; *Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321; *Greenfield v Philles Records*, 98 NY2d 562; *Doyne v Kerner*, 96 AD2d 523; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351; *Hunt Ltd. v Lifschultz Fast Frgt., Inc.*, 889 F2d 1274.) II. Plaintiff's breach of the implied covenant of good faith and fair dealing claim fails as a matter of law. (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308; *Bank of N.Y. v Sasson*, 786 F Supp 349; *Holmes Protection of N.Y. v Provident Loan Socy. of N.Y.*, 179 AD2d 400; *Teller v Bill Hayes, Ltd.*, 213 AD2d 141;

*Skillgames, LLC v Brody,* 1 AD3d 247.) III. Plaintiff's unjust enrichment claim falls as a matter of law. (*State of New York v Barclays Bank of N.Y.,* 76 NY2d 533; *Evans v City of Johnstown,* 96 Misc 2d 755; *Miller v Schloss,* 218 NY 400; *Hornett v Leather,* 145 AD2d 814, 74 NY2d 603; *Joseph Sternberg, Inc. v Walber 36th St. Assoc.,* 187 AD2d 225; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382; *Caldwell v ABKCO Music & Records,* 269 AD2d 206; *Greenfield v Philles Records,* 98 NY2d 562.)

*Goodkind Labaton Rudoff & Sucharow LLP,* New York City (*Ira A. Schochet, Joel H. Bernstein, Louis Gottlieb* and *Stacey Fishbein* of counsel), and *Lowey Dannenberg Bemporad & Selinger P.C.,* White Plains (*Richard Bemporad* and *Vincent Briganti* of counsel), for appellants in the second above-entitled action. I. The only reasonable expectation of an average insured is that an annual premium payment purchases one full year of insurance coverage. (*Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44; *Bronx Sav. Bank v Weigandt,* 1 NY2d 545; *Kosierowski v Madison Life Ins. Co.,* 31 AD2d 930; *Eagle Star Ins. Co. v International Proteins Corp.,* 45 AD2d 637, 38 NY2d 861; *United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229; *Sloman v First Fortis Life Ins. Co.,* 266 AD3d 370; *Matter of Ideal Mut. Ins. Co. [Superintendent of Ins. of State of N.Y.—Harbour Assur. Co. of Bermuda],* 231 AD2d 59; *Holmes Protection of N.Y. v National Union Fire Ins. Co. of Pittsburgh,* 152 AD2d 496; *Matter of Mostow v State Farm Ins. Cos.,* 88 NY2d 321.) II. Guardian Life Insurance Company of America's policy documents are ambiguous. (*Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44; *Janneck v Met. Life Ins. Co.,* 162 NY 574; *Matter of United Community Ins. Co. v Mucatel,* 69 NY2d 777; *Pichel v Hanover Ins. Cos.,* 155 Misc 2d 746, 192 AD2d 1132; *Greenfield v Philles Records,* 98 NY2d 562; *Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co.. Inc.,* 10 AD3d 699; *Guardian Life Ins. Co. v Schaefer,* 70 NY2d 888; *Lavanant v General Acc. Ins. Co. of Am.,* 79 NY2d 623; *Liverpool & London & Globe Ins. Co. v Kearney,* 180 US 132.) III. Other courts in New York and elsewhere have upheld claims against insurers in risk-free period cases. (*MDW Enters. v CNA Ins. Co.,* 4 AD3d 338; *Randazzo v Gerber Life Ins. Co.,* 3 AD3d 485, 2 NY3d 704; *Dougherty v William Penn Life Ins. Co. of N.Y.,* 3 AD3d 469, 2 NY3d 704; *Topel v Reliastar Life Ins. Co. of N.Y.,* 6 AD3d 608.) IV. Dismissal of appellants' cause of action for violation of General Business Law § 349 was improper. (*State of New York v Princess Prestige Co.,* 42 NY2d 104; *People v Apple Health & Sports Clubs,* 206 AD2d 266; *Matter of State of New York v Maiorano,* 189

AD2d 766; *Karlin v IVF Am.*, 93 NY2d 282; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20; *Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330; *Unibell Anesthesia v Guardian Life Ins. Co. of Am.*, 239 AD2d 248; *Taylor v American Bankers Ins. Group*, 267 AD2d 178; *Negrin v Norwest Mtge.*, 263 AD2d 39; *Teller v Bill Hayes, Ltd.*, 213 AD2d 141.) V. Dismissal of appellants' cause of action for breach of contract was improper. (*Lachs v Fidelity & Cas. Co. of N.Y.*, 306 NY 357; *Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321.) VI. Dismissal of appellants' cause of action for unjust enrichment was improper. (*Wolf v National Council of Young Israel*, 264 AD2d 416; *Plant City Steel Corp. v National Mach. Exch.*, 23 NY2d 472; *Merrill Lynch, Pierce, Fenner & Smith v Chipetine*, 221 AD2d 284; *Springer v Allstate Life Ins. Co. of N.Y.*, 94 NY2d 645; *Great N. Ins. Co. v Mount Vernon Fire Ins. Co.*, 92 NY2d 682; *North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281; *Caldwell v ABKCO Music & Records*, 269 AD2d 206; *Natimir Rest. Supply v London 62 Co.*, 140 AD2d 261.)

*Skadden Arps Slate Meagher & Flom LLP*, New York City (*Thomas J. Dougherty* of counsel), for respondent in the second above-entitled action. I. The six Appellate Division decisions on virtually identical claims have all been decided against appellants. (*Dougherty v William Penn Life Ins. Co. of N.Y.*, 3 AD3d 469; *Randazzo v Gerber Life Ins. Co.*, 3 AD3d 485; *Topel v Reliastar Life Ins. Co. of N.Y.*, 6 AD3d 608.) II. The courts have long approved Guardian Life Insurance Company of America's practice of providing different dates for the date of coverage and the date premiums are due. (*Travelers Ins. Co. v Castro*, 341 F2d 882.) III. Dismissal of the breach of contract claim was proper because the terms of the policy are unambiguous. (*Randazzo v Gerber Life Ins. Co.*, 3 AD3d 485; *Topel v Reliastar Life Ins. Co. of N.Y.*, 6 AD3d 608; *Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377; *Lavanant v General Acc. Ins. Co. of Am.*, 79 NY2d 623; *Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390; *Guardian Life Ins. Co. of Am. v Schaefer*, 70 NY2d 888; *Pichel v Hanover Ins. Cos.*, 155 Misc 2d 746; *Matter of United Community Ins. Co. v Mucatel*, 69 NY2d 777; *Matter of Ideal Mut. Ins. Co. [Superintendent of Ins. of State of N.Y.— Harbour Assur. Co. of Bermuda]*, 231 AD2d 59; *Holmes Protection of N.Y. v National Union Fire Ins. Co. of Pittsburgh*, 152 AD2d 496.) IV. Appellants' authority is unpersuasive and does not support their reading of the policy. (*Metropolitan Life Ins. Co. v RJR Nabisco, Inc.*, 906 F2d 884; *Abner, Herrman & Brock,*

*Inc. v Great N. Ins. Co.,* 308 F Supp 2d 331; *Ark Bryant Park Corp. v Bryant Park Restoration Corp.,* 285 AD2d 143.) V. The unjust enrichment claim was also properly dismissed. (*Apfel v Prudential-Bache Sec.,* 81 NY2d 470; *Sunrise Plaza Assoc. v International Summit Equities Corp.,* 288 AD2d 300; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382; *Moore v Microsoft Corp.,* 293 AD2d 587; *Plant City Steel Corp. v National Mach. Exch.,* 23 NY2d 472; *Merrill Lynch, Pierce, Fenner & Smith v Chipetine,* 221 AD2d 284; *Caldwell v ABKCO Music & Records,* 269 AD2d 206; *Natimir Rest. Supply v London 62 Co.,* 140 AD2d 261.) VI. The General Business Law § 349 claim also was properly dismissed. (*Ludl Elecs. Prods. v Wells Fargo Fin. Leasing,* 6 AD3d 397; *Citipostal, Inc. v Unistar Leasing,* 283 AD2d 916; *Stutman v Chemical Bank,* 95 NY2d 24; *Gaidon v Guardian Life Ins. Co. of Am.,* 94 NY2d 330; *Negrin v Norwest Mtge.,* 263 AD2d 39; *Unibell Anesthesia v Guardian Life Ins. Co. of Am.,* 239 AD2d 248; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20; *Taylor v American Bankers Ins. Group,* 267 AD2d 178.)

*Wechsler Harwood LLP,* New York City (*William R. Weinstein* and *Robert I. Harwood* of counsel), for appellant in the third above-entitled action. I. The lower court decisions dismissing plaintiff's claim for breach of contract are erroneous and should be reversed by this Court. (*Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44; *United States Fid & Guar. Co. v Annunziata,* 67 NY2d 229; *Sloman v First Fortis Life Ins. Co.,* 266 AD2d 370; *Bronx Sav. Bank v Weigandt,* 1 NY2d 545; *Matter of Mostow v State Farm Ins. Cos.,* 88 NY2d 321; *Tri Town Antlers Found. v Fireman's Fund Ins. Co.,* 158 AD2d 908, 76 NY2d 841; *Lachs v Fidelity & Cas. Co. of N.Y.,* 306 NY 357; *Garry v Worldwide Underwriters Ins. Co.,* 120 Misc 2d 91, 101 AD2d 717; *Guardian Life Ins. Co. of Am. v Schaefer,* 70 NY2d 888; *Matter of United Community Ins. Co. v Mucatel,* 127 Misc 2d 1045, 119 AD2d 1017, 69 NY2d 777; *Miller v Continental Ins. Co.,* 40 NY2d 675.) II. The lower courts erred in dismissing plaintiff's alternative claim for unjust enrichment. (*Wolf v National Council of Young Israel,* 264 AD2d 416; *Paramount Film Distrib. Corp. v State of New York,* 30 NY2d 415; *Plant City Steel Corp. v National Mach. Exch.,* 23 NY2d 472; *Limited v McCrory Corp.,* 169 AD2d 605; *Caldwell v ABKCO Music & Records,* 269 AD2d 206; *Natimir Rest. Supply v London 62 Co.,* 140 AD2d 261; *Greenfield v Philles Records,* 288 AD2d 59; *Louros v Cyr,* 175 F Supp 2d 497.)

*Sonnenschein Nath & Rosenthal LLP,* New York City (*Reid L.*

*Ashinoff, Sandra D. Hauser* and *Michael S. Gugig* of counsel), for respondent in the third above-entitled action. I. The breach of contract claim was properly dismissed. (*Leon v Martinez,* 84 NY2d 83; *WorldCom, Inc. v Sandoval,* 182 Misc 2d 1021; *Breed v Insurance Co. of N. Am.,* 46 NY2d 351; *Teichman v Community Hosp. of W. Suffolk,* 87 NY2d 514; *Chimart Assoc. v Paul,* 66 NY2d 570; *Teitelbaum Holdings v Gold,* 48 NY2d 51; *Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456; *Ruttenberg v Davidge Data Sys. Corp.,* 215 AD2d 191; *R & D Maidman Family L.P. v Scottsdale Ins. Co.,* 4 Misc 3d 728; *A. Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298.) II. There can be no claim for unjust enrichment where an enforceable contract exists. (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382; *Metropolitan Life Ins. Co. v Noble Lowndes Intl.,* 192 AD2d 83; *Feigen v Advance Capital Mgt. Corp.,* 150 AD2d 281; *Alamo Contract Bldrs. v CTF Hotel Co.,* 242 AD2d 643; *Tierney v Capricorn Invs.,* 189 AD2d 629; *Strategic Risk Mgt. v Federal Express Corp.,* 174 Misc 2d 383, 253 AD2d 167; *Greenfield v Philles Records,* 288 AD2d 59; *Caldwell v ABKCO Music & Records,* 269 AD2d 206; *Limited v McCrory Corp.,* 169 AD2d 605; *Natimir Rest. Supply v London 62 Co.,* 140 AD2d 261.)

### OPINION OF THE COURT

G.B. SMITH, J.

The primary issue in each of these cases is whether there is a breach of an insurance contract when a policy date is set prior to an effective date and the insured, in the first year of the policy, must pay for days that are not covered. We hold that the insurers' CPLR 3211 (a) (1) and (7) motions to dismiss the complaints were properly granted, and we affirm the orders of the Appellate Division.

### Facts

*Goldman v Metropolitan Life Ins. Co.*

On January 30, 2002, plaintiff "submitted an application to MetLife for a yearly renewable term life insurance policy in the amount of $250,000." On May 30, 2002, the policy was delivered and plaintiff paid his annual premium. The insurer set the policy date as May 6, 2002. The total annual premium amount was $217.50.

Goldman brought a putative class action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment and violations under General Busi-

ness Law § 349. In the complaint and on this motion to dismiss, plaintiff argues that since he was not covered for the 24 days between May 6 and May 30, 2002, yet was required to pay for that period of time, there was a breach of contract. He argues that the term "annual premium" is ambiguous because it leads the average insured to believe that he or she will receive 365 days of coverage. In fact, based upon the delay from the policy date until the date of payment and delivery of the policy, there are fewer than 365 days of coverage in the first year of the policy.

Defendant counters that there is no breach, the policy is not ambiguous and that the dates of coverage are in accordance with the payment of the premiums. Defendant points to the language of the application, which is incorporated into the policy and states "no insurance will take effect until a policy is delivered to the owner and the full first premium due is paid." Further, plaintiff had the option of not accepting the policy and receiving a refund of any premiums already paid. According to defendant, the term "annual premium" never referred to the days of coverage but rather to the "frequency of payment."

Supreme Court denied MetLife's motion to dismiss based on ambiguity in the contract specifically related to payment for days of coverage without actually receiving coverage. The Appellate Division reversed, granted the insurer's motion and dismissed the complaint, finding "that the terms of the subject insurance policy, including the initial application, which was incorporated therein, were not ambiguous and clearly set forth when coverage was to begin and when the first and subsequent annual premiums were to be paid by the C.O.D. policyholders." (13 AD3d 289, 290 [2004].) The Appellate Division granted plaintiff's motion for leave to appeal and certified the following question to this Court: "Was the order of this Court, which reversed the order of Supreme Court, properly made?"

*Franco v Guardian Life Ins. Co. of Am.*

On June 13, 2000, the Francos signed an application for a "modified premium whole life insurance policy in the amount of $2 million." On July 28, 2000, Guardian Life sent a policy to the Francos. On the same day, the Francos completed a second application in order to change the beneficiary from the wife to a trust. The total initial annual premium of $2,790 was paid on August 2, 2000. On August 28, 2000, Guardian Life reissued the policy to plaintiffs with the same policy date of July 20, 2000.

The policy became effective only after the policy was delivered and accepted by the insured. Even though it was permitted by the application, the Francos chose not to purchase interim coverage and receive a conditional receipt for temporary insurance to cover the dates between the date of application and delivery of the policy.

The Franco plaintiffs brought a putative class action for breach of contract, unjust enrichment and violations of General Business Law § 349. They argue that they were required to pay for a period of time in which the insurance company assumed no financial risk and, thus, unjustly collected monies without providing coverage. In addition to the breach of contract and unjust enrichment claims, the Francos argue that Guardian engaged in deceptive business practices in violation of General Business Law § 349. The Francos argue that the term "annual" is ambiguous because it does not mean a calendar year which is what the average insured would interpret the word to mean.

Defendant counters that the life insurance policy is clear on its face, that the payment of the premiums is stated on the policy and that the policy is not ambiguous. Also, defendant argues that the date of delivery was July 28, 2000, not October 10, 2000, and that the premiums are due from the policy date, not the date of delivery of the policy. Further, the Francos had an option either to pay at the time of signing the application and have coverage from the policy date or to pay at the time of delivery which would give them the same policy date but no coverage from the policy date until the date of payment.

*Katz v American Mayflower Life Ins. Co. of N.Y.*

On July 11, 1997, plaintiff signed an insurance application with American Mayflower Life Insurance Company of New York for a term life policy of one million dollars. The policy was issued on September 2, 1997 and delivered on September 24, 1997. On the date of delivery, plaintiff sent in his initial premium for $447.20. His annual premium, as stated on the contract, was $1,720, to be paid in quarterly installments. The policy also stated when each subsequent premium was due until the full premium was paid.

Plaintiff brought a putative class action alleging breach of contract and unjust enrichment. Like the *Goldman* and *Franco* plaintiffs, Katz argues that the insurance contract was breached and that the defendant was unjustly enriched.

Defendant denies that the policy is ambiguous and instead points to the policy language as clearly stating the dates of coverage and when the premiums are due. Defendant argues that all premiums, after the initial premium, were due based on the policy date, not the delivery date, and that plaintiff continued to pay premiums under this policy for four years prior to filing a complaint. In fact, the premium schedule which governed defendant's policy stated that the premiums would be due on the 2nd of March, June, September and December.

While the Goldman and Franco policies provide for a 10-day "free look" period, the Katz policy allows for a 20-day "free look" period in which the insured can reject the policy and be refunded any previously paid premiums. The policy states that the premiums must be paid in advance of coverage and that the total initial premium must be paid as "shown in the Schedule on or before policy delivery."

Supreme Court granted the motion to dismiss brought by Guardian Life against the Francos. On the same date, the Supreme Court granted American Mayflower's motion to dismiss the Katz complaint for the reasons stated in its *Franco* decision. The Appellate Division affirmed Supreme Court in *Katz*, and, based upon its *Katz* decision, affirmed Supreme Court's determination in *Franco v Guardian Life*. In *Katz*, the Appellate Division wrote:

> "due to plaintiff's selection of the C.O.D. payment option, American Mayflower set different dates for the commencement of coverage and the premium due dates [which] does not constitute a breach of contract since they are, as plaintiff concedes, part of the contract. Thus, any claim that plaintiff paid a premium for a period of time before coverage commenced is contradicted by the express terms of the contract." (14 AD3d 195, 198 [2004].)

In *Franco* and *Katz*, the Appellate Division granted plaintiffs' motion for leave to appeal to this Court and certified the following question: "Was the order of this Court, which affirmed the order of the Supreme Court, properly made?"

## Discussion

When determining a motion to dismiss, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within

any cognizable legal theory" (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). A CPLR 3211 dismissal "may be granted where documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Held v Kaufman*, 91 NY2d 425, 430-431 [1998] [citation and internal quotation marks omitted]).

Breach of Contract

There were two options for payment in each of the insurance agreements. Plaintiffs could pay at the time the application was submitted and receive temporary coverage until the delivery of the policy, or pay at the time of delivery of the policy and have coverage become effective upon receipt of the first initial premium and delivery of the policy. The second option was the cash on delivery (C.O.D.) option. In all three cases, plaintiffs chose the second option.

Goldman, Katz and Franco all argue that their insurance contracts were breached. The basic issue is whether an insurance contract using the word "annual" to describe premium payments is ambiguous as to coverage because the insured, in the first year, receives less than 365 days of coverage. The insureds argue that the policy is ambiguous because it is the average insured's understanding that an annual premium purchases a full year of coverage. However, "[m]ere assertion by one that contract language means something to him, where it is otherwise clear, unequivocal and understandable when read in connection with the whole contract, is not in and of itself enough to raise a triable issue of fact" (*see Bethlehem Steel Co. v Turner Constr. Co.*, 2 NY2d 456, 460 [1957]).

In each case, the Appellate Division properly held that the contracts could be interpreted only in one manner and granted the CPLR 3211 motions to dismiss.

There is no evidence that MetLife was not bargaining in good faith and fair dealing with the insured (*see Kirke La Shelle Co. v Armstrong Co.*, 263 NY 79, 85 [1933]). The application clearly states the terms and conditions of the insurance policy. Further, the policy also states when coverage will begin. Plaintiff argues that the period in the contract which allows the insured to return the policy and receive a refund of any paid premiums is misleading. Plaintiff cites several lower court cases from foreign jurisdictions that have rejected

premiums based on a policy date versus a coverage date (*see Semler v Guardian Life Ins. Co. of Am.*, case No. 990637 [Cal Super Ct 2002]; *Semler v First Colony Life Ins. Co.*, case No. 984902 [Cal Super Ct 1999]; *Burstein v First Penn-Pac. Life Ins. Co.*, case No. 01-985-CIV [US Dist Ct, SD Fla 2002]). Those cases were based on the law of their respective states (*see Semler v Guardian Life Ins. Co., supra*). In other states, courts have permitted premiums that are based upon a policy date rather than a coverage date (*Life Ins. Co. of the Southwest v Overstreet*, 580 SW2d 929 [Tex Ct Civ App 1979]; *Travelers Ins. Co. v Castro*, 341 F2d 882 [1st Cir 1965]).

Plaintiffs have cited no case law in New York State holding that the "Risk Free" period is misleading. The fact that the insured can return the contract does not mean that the contract period would otherwise be covered even without a payment. There is nothing in the "Risk Free" period suggesting that the coverage will start from the policy date without the payment of a premium.

Unjust Enrichment

Plaintiffs in each case make a claim for unjust enrichment. The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement (*see State of New York v Barclays Bank of N.Y.*, 76 NY2d 533, 540 [1990]). Here, in each case, there was no unjust enrichment because the matter is controlled by contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987] ["(t)he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter"]). Given that the disputed terms and conditions fall entirely within the insurance contract, there is no valid claim for unjust enrichment.

General Business Law § 349

The Francos' claim that General Business Law § 349 was breached should also be rejected.* That section makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." (§ 349 [a].) Plaintiffs have not properly alleged any deceptive practices.

---

* Goldman does not pursue his General Business Law § 349 claim in this Court.

Accordingly, in each case, the order of the Appellate Division should be affirmed, with costs, and the certified question not answered as unnecessary.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO and R.S. SMITH concur; Judge READ taking no part.

In each case: Order affirmed, etc.