12-3204-cv
*Oorah, Inc. v. Jewish Foundation School et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fourteen.

PRESENT: RICHARD C. WESLEY,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

_____

OORAH, INC.,

    *Plaintiff-Appellant,*

              -v.-                         12-3204-cv

MARVIN SCHICK,

    *Defendant,*

JEWISH FOUNDATION SCHOOL, RABBI JACOB JOSEPH SCHOOL,

*Defendants-Appellees*.[*]

FOR APPELLANTS: FREDERICK L. WHITMER, Kilpatrick Townsend & Stockton LLP, New York, NY (Ronald D. Coleman, Goetz Fitzpatrick LLP, New York, NY, *on the brief*).

FOR APPELLEES: ELI FEIT, Heller, Horowitz & Feit, P.C., New York, NY (Stuart A. Blander, Heller, Horowitz & Feit, P.C., New York, NY; Avi Schick, Dentons US LLP, New York, NY, *on the brief*).

Appeal from the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the United States District

Court for the Eastern District of New York is **AFFIRMED**.

Plaintiff-appellant Oorah, Inc. ("Oorah") appeals from a judgment entered

on March 13, 2012 and an August 6, 2012 Memorandum and Order of the United

States District Court for the Eastern District of New York (Block, *J.*) denying

Oorah's post-trial motions for judgment as a matter of law and, in the alternative,

a new trial. In denying Oorah's post-trial motions, the district court upheld the

[*]The Clerk of the Court is directed to amend the official caption as noted above.

judgment rejecting Oorah's claim for injunctive relief and awarding defendants-appellees Jewish Foundation School ("JFS") and Rabbi Jacob Joseph School ("RJJ") (collectively, the "Schools") $357,100.00 plus interest on the Schools' breach of contract counterclaim.[1]

Although we assume the parties' familiarity with the underlying facts, procedural history, and issues for review, we outline the facts relevant to our disposition of this appeal. In 2006, a dispute arose between JFS and Oorah concerning the parties' agreement that Oorah would fund a portion of the tuition for each student that Oorah referred to JFS. Unable to resolve the dispute, Oorah and the Schools pursued arbitration before a rabbinical panel (the "*bais din*"). During the arbitration, one of the rabbis on the *bais din* requested that the parties draft handwritten notes addressed to the panel. The Schools' note states, in pertinent part:

> This is to acknowledge that the Rabbi Jacob Joseph School and the Jewish Foundation School shall fully accept the psak of the beth din. Furthermore, subsequent to the Din Torah, we will not write or transmit in any form charges against Oorah.

---

[1] JFS is a division of RJJ.

The *bais din* ultimately found Oorah in breach of the parties' tuition agreement for the 2006-2007 school year – the only year at issue before the *bais din* – and ordered Oorah to pay the Schools the sum of $2,700 per child minus the parents' tuition payments.

In November 2007, the Schools circulated a newsletter that cast Oorah in a negative light. When the Schools refused to retract the statements, Oorah initiated the instant suit seeking to enforce the alleged non-disparagement agreement that the Schools had signed before the *bais din*. The Schools counterclaimed for breach of contract, and, in the alternative, unjust enrichment.[2]

The district court bifurcated Oorah's non-disparagement claim (to proceed before the court in a bench trial) and the Schools' breach of contract counterclaim (to proceed before a jury). In order to avoid confusing the jury, the district court ordered the parties not to refer to each other as "plaintiff" or "defendant." The court also prohibited the parties from making any reference to, or admitting documents concerning, the *bais din*'s ruling.

---

[2]Oorah initially brought claims for breach of contract, promissory estoppel, and confirmation and enforcement of the arbitration award. The Schools counterclaimed for breach of contract, quantum meruit, and unjust enrichment. Only Oorah's breach of contract claim and the Schools' breach of contract and unjust enrichment counterclaims survived summary judgment. Oorah subsequently clarified that it sought injunctive relief only for the alleged breach of the non-disparagement agreement.

We review the district court's evidentiary rulings and decision to bifurcate the trial for abuse of discretion. *See United States v. Contorinis*, 692 F.3d 136, 144 (2d Cir. 2012); *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999).

The district court did not abuse its discretion in prohibiting the parties from referencing, or admitting evidence relating to, the *bais din*'s ruling. The arbitration concerned the 2006-2007 school year only. Because the *bais din*'s ruling did not terminate Oorah's obligation to make tuition payments for the 2007-2008 and 2008-2009 school years, the time periods relevant to the Schools' counterclaim, the district court was within its discretion to exclude the subject evidence.

Bifurcating the parties' claim was also well within the district court's discretion. Pursuant to Fed. R. Civ. P. 42(b), a federal district court may, "[f]or convenience, to avoid prejudice, or to expedite and economize, . . . order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Because Oorah's claim was predicated on different factual and legal issues than the Schools' counterclaims, bifurcation was proper. *See Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984). And unlike the Schools, Oorah

5

never requested a jury trial on its breach of contract/non-disparagement claim; seeking equitable relief only, Oorah had no right to a jury trial. *See Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 157-58 (2d Cir. 2001), *abrogated on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).

The district court also properly determined that the non-disparagement agreement was unenforceable. "A court cannot decree performance of an agreement unless it can discern with reasonable certainty and particularity what the terms of the arrangement are." *Brookhaven Hous. Coal. v. Solomon*, 583 F.2d 584, 593 (2d Cir. 1978). Even assuming that the handwritten notes at issue were intended to create a binding agreement, the Schools' commitment not to "write or transmit in any forum charges" is overly vague and therefore unenforceable. *See id*.

And even were the agreement sufficiently discernable, Oorah is not entitled to forward-looking injunctive relief. Under "well-established principles of equity," a plaintiff seeking a permanent injunction must demonstrate, *inter alia*, "that remedies available at law, such as monetary damages, are inadequate to compensate for th[e] injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Oorah has failed to demonstrate the inadequacy of that remedy.

6

The Schools' unjust enrichment claim and evidence of Oorah's fundraising relevant to that claim were properly before the jury. Unjust enrichment is a quasi-contractual claim; it exists only in the absence of a valid contract. *See Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572 (2005). To establish unjust enrichment, the Schools had the burden of proving that Oorah was unjustly enriched at the Schools' expense and that in equity and good conscience Oorah should return the money. *See Bradkin v. Leverton*, 26 N.Y.2d 192, 197 (1970); *In re First Cent. Fin. Corp.*, 377 F.3d 209, 213 (2d Cir. 2004).

The Schools premised their unjust enrichment claim on the theory that Oorah publicized its philanthropic relationship with the Schools to further its own development goals, yet the Schools were burdened with covering the entire cost of tuition. So long as the Schools demonstrated that they covered the tuition payments that Oorah claimed to be making, they could establish that Oorah's enrichment came at their expense. And because the claim was properly before the jury, the district court did not err in admitting documentation of Oorah's fundraising, which was largely redacted and probative of Oorah's enrichment.

We have considered Oorah's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **affirmed**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk