13-3440-cv
Lois Turner v. Temptu Inc., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand fourteen.

PRESENT: DENNIS JACOBS,
　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　　　　　**Circuit Judges**
　　　　　LEWIS A. KAPLAN,*
　　　　　　　　　　　　　**District Judge.**

- - - - - - - - - - - - - - - - - - - -X
LOIS TURNER,
　　　　　**Plaintiff-Appellant,**

　　　　　-v.-　　　　　　　　　　　　　　　　　**13-3440-cv**

TEMPTU INC., TEMPTU MARKETING INC.,
MICHAEL BENJAMIN,
　　　　　**Defendants-Appellees.**
- - - - - - - - - - - - - - - - - - - -X

---

\* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLANT:**     DAVID G. EBERT (with Mioko C. Tajika and Alissa G. Friedman on the brief), Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York, New York.

**FOR APPELLEES:**     JUSTIN M. SHER, Sher Tremonte LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Lois Turner appeals from the judgment of the United States District Court for the Southern District of New York (Furman, J.), granting summary judgment in favor of defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This action arises out of a failed business relationship between Turner and defendants Temptu Inc., formerly known as Temptu Marketing Inc. ("Temptu"), and Michael Benjamin (collectively, "Defendants"). Turner alleges that after she entered into a partnership agreement with them, Defendants stole her concept of a home-use airbrush makeup system, thereby breaching the parties' contract. Turner's complaint asserts eight causes of action under New York law. On August 15, 2013, the district court granted Defendants' motion for summary judgment and dismissed all of Turner's claims. This appeal followed.[1]

"We review the district court's grant of summary judgment de novo, applying the same standards that govern the district court's consideration of the motion." Summa v. Hofstra Univ., 708 F.3d 115, 123 (2d Cir. 2013) (internal

_____

[1] Turner does not appeal the dismissal of her claims for breach of fiduciary duty, fraudulent inducement, fraudulent concealment, and negligent misrepresentation. Remaining are her causes of action for breach of contract (express and implied), misappropriation of ideas, unjust enrichment, and unfair competition.

quotation marks omitted).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute concerning a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  On a motion for summary judgment, "[w]e resolve all ambiguities and draw all reasonable inferences in the light most favorable to the nonmoving party."  Summa, 708 F.3d at 123.

A.    Breach of Partnership / Joint Venture Agreement

    Turner's first claim is that she and Benjamin "were joint venturers by express and implied contract," and that Benjamin breached the parties' agreement when he terminated their partnership and marketed the airbrush system through Temptu.[2]  Compl. ¶¶ 45-47.  Under New York law, the elements of a cause of action for breach of contract are: (1) the existence of a contract, (2) performance of the contract by one party, (3) breach by the other party, and (4) damages suffered as a result of the breach.  Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 142 (2d Cir. 2011).

    The requirements for a joint venture under New York law include (1) that the parties' agreement "evidence their intent to be joint venturers," (2) that each party "have some degree of joint control over the venture," and (3) that there be "a provision for the sharing of both profits and losses."  Dinaco, Inc. v. Time Warner, Inc., 346 F.3d 64, 67-68 (2d Cir. 2003) (quoting Itel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd., 909 F.2d 698, 701 (2d Cir. 1990)); see also Steinbeck v. Gerosa, 4 N.Y.2d 302, 151 N.E.2d 170, 178 (1958) ("An indispensable essential of a contract of partnership or joint venture, both under common law and statutory law, is a mutual promise or undertaking of

---

[2]    Under New York law, "joint ventures are governed by the same legal rules as partnerships because a joint venture is essentially a partnership for a limited purpose."  Scholastic, Inc. v. Harris, 259 F.3d 73, 84 (2d Cir. 2001).  Accordingly, this summary order, like Turner's briefing, will use both terms.

the parties to share in the profits of the business and submit to the burden of making good the losses.").

Turner argues that a blog edited by herself, Benjamin, and Roger Braimon constituted a binding joint venture agreement. Turner testified that this blog--an "editable" working document that was "constantly changing and modifying," Turner Dep. at 93:4-94:11--contained the terms of their oral partnership agreement and "served as a living document for [them] to write, edit, and memorialize [their] discussions." Turner Aff. ¶ 28. Having reviewed the evidence in the light most favorable to Turner, we agree with the district court that no rational juror could find that Turner and Benjamin had finalized an agreement to which they manifested an intent to be bound.

The key question whether a binding contract exists can be answered only by looking to "the objective manifestations of the intent of the parties as gathered by their expressed words and deeds." Brown Bros. Elec. Contractors, Inc. v. Beam Constr. Corp., 361 N.E.2d 999, 1001 (N.Y. 1977). "In doing so, disproportionate emphasis is not to be put on any single act, phrase or other expression, but, instead, on the totality of all of these, given the attendant circumstances, the situation of the parties, and the objectives they were striving to attain." Id. at 1001.

Although the parties' blog contained a number of possible contract terms, Turner admitted at her deposition that many of these had not been finalized, see Turner Dep. at 99:24-100:12, indeed, several of them were marked "to be determined." Turner also acknowledged her understanding that the alleged agreement was not finalized as late as April 2007, when "still some discussion [] needed to take place with respect to the contents of [their] contract." Turner Dep. at 126:23-127:2; see also Turner Aff. Exs. 20, 21 (Turner stating that she could "bring a suggestion for a contract/agreement" to the parties' meeting)). Also in April, Braimon sent an e-mail to a lawyer, stating that the parties had yet to "establish a contract" and were still "undecided" even on the "actual product" they would develop together. Sher Decl. Ex. 14. Perhaps most telling is that, when asked at her deposition if the parties had ever finalized their agreement, Turner responded, "No. I would have loved to." Turner Dep. at 99:24-25. Given this record, no reasonable jury could find that the parties

4

manifested the requisite intent to enter into a binding partnership agreement.[3]

Accordingly, we affirm the dismissal of Plaintiff's breach of contract claim.[4]

---

[3] Defendants also argue (and the district court held) that there was no agreement to form a joint venture, because Turner, Benjamin, and Braimon never discussed--let alone agreed on--how the parties would share any losses. See Turner Dep. at 131:11-13 ("Did you ever discuss what would happen if the company lost money?" "No."). There is some authority for Turner's proposition that courts will imply an equal division of losses where the parties have agreed to share equally in profits, see, e.g., Penato v. George, 383 N.Y.S. 2d 900, 904 (N.Y. App. Div. 2d Dep't 1976); but such cases "are inconsistent with more recent Appellate Division, Second Department authority," Mawere v. Landau, 39 Misc. 3d 1229(A), 1229A (N.Y. Sup. Ct. 2013) (collecting cases). Judicially implied loss sharing would seem to be particularly inappropriate where, as here, a plaintiff risks losing only the value of services she has invested while her putative partners stand to lose cash. Id. We decline to reach this issue, however, having found that the parties did not manifest a mutual assent to contract.

[4] In the alternative, Turner argues that the parties' communications and conduct created an implied-in-fact contract. See Leibowitz v. Cornell Univ., 584 F.3d 487, 506-07 (2d Cir. 2009) (internal quotation marks and alterations omitted) ("Under New York law, a contract implied in fact may result as an inference from the facts and circumstances of the case, although not formally stated in words, and is derived from the presumed intention of the parties as indicated by their conduct."). Like any contract, an implied-in-fact contract "requires such elements as consideration, mutual assent, legal capacity and legal subject matter." Id. at 507. As explained above, the parties never finalized their agreement and never consented to its terms. Thus, no implied contract was formed. Id. at 507.

B.   Misappropriation of Ideas

     Next, Turner alleges that Defendants misappropriated her idea to develop a new cosmetic airbrush system.  "In order for an idea to be susceptible to a claim of misappropriation, two essential elements must be established: the requisite legal relationship must exist between the parties, and the idea must be novel and concrete."  McGhan v. Ebersol, 608 F. Supp. 277, 284 (S.D.N.Y. 1985) (citing Vantage Point, Inc. v. Parker Bros., Inc., 529 F. Supp. 1204, 1216 (E.D.N.Y.), aff'd without op. sub. nom. Vantage Point, Inc. v. Milton Bradley, 697 F.2d 301 (2d Cir. 1982)).  "The legal relationship between the plaintiff and defendant may be either a fiduciary relationship, or based on an express contract, an implied-in-fact contract, or a quasi-contract."  Id.

     Turner argues that the legal relationship between her and Benjamin is a contract or quasi-contract.  As discussed above, Turner fails to establish a contractual relationship; and because the theory of quasi-contract is not distinct from the theory of unjust enrichment, her quasi-contract arguments fails for the reasons stated below.  See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 587 (2d Cir. 2006); Goldman v. Metro. Life Ins. Co., 841 N.E.2d 742, 746 (N.Y. 2005).

     Accordingly, we affirm the district court's dismissal of this claim as well.

C.   Unjust Enrichment & Unfair Competition

     Plaintiff's claims for unjust enrichment and unfair competition allege that Benjamin tricked her into working to develop a novel airbrush system, only to steal it and take the idea to Temptu, with which he was working all the while.

     To establish unjust enrichment, a plaintiff must show that the defendant was unjustly enriched at plaintiff's expense and should in equity and good conscience return the money.  See In re First Cent. Fin. Corp., 377 F.3d 209, 213 (2d Cir. 2004); Bradkin v. Leverton, 257 N.E.2d 643 (N.Y. 1970).  To sustain a claim for unfair competition, a plaintiff must show that the defendant misappropriated the plaintiff's labors or expenditures and that the defendant displayed some element of bad faith in doing so.  See, e.g.,

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34-35 (2d Cir. 1995).

Both these claims fail. Temptu hired an independent and highly trained engineer, Gennadi Fedorov, to develop and design a new airbrush. There is no evidence that Fedorov used any information or ideas from Turner, a graphic artist. On the contrary, despite her awareness of Temptu's application to patent the airbrush, Turner never objected. The evidence demonstrates only that Turner and Benjamin negotiated for a possible business venture that was never formalized. That does not constitute unjust enrichment or unfair competition. Accordingly, we affirm the dismissal of these claims as well.

For the foregoing reasons, and finding no merit in Turner's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK