■ V.A.T. Collision Corp., Respondent, v 1783 84th Street Realty Corp., Appellant. — In an action for specific performance of a contract to convey realty, which was consolidated with a holdover proceeding commenced by the defendant owner, defendant appeals from an order of the Supreme Court, Kings County (Cooper, J.), entered July 24, 1981, which denied its motion, *inter alia,* for summary judgment dismissing the complaint. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed; the appellant is entitled to possession of the premises in question, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment, including a money judgment in appellant's favor in the principal sum of $6,150. Plaintiff shall vacate the premises within 30 days after service upon it of a copy of the judgment to be entered in accordance herewith. The written contract in question extended to the plaintiff tenant, V.A.T. Collision Corp., a lease and an option to purchase the premises located at 1783 84th Street, Brooklyn, New York. The contract clearly states that the option to purchase expired at the termination of the lease, which ran from January 15, 1980 through December 31, 1980. When plaintiff did not vacate the premises by January of 1981, defendant commenced a holdover proceeding. On February 27, 1981 plaintiff attempted to exercise its option to purchase by the tender of a down payment. The written contract is clear and unambiguous on its face. Consequently, parol evidence concerning the intention on the parties at the time of its execution is barred. Plaintiff contends, however, that subsequent to the execution of the contract there was a modification not to collect rent until March 1, 1980 and that this modification extended the term of the lease and the option to purchase. The fact is that the failure to charge rent until March 1, 1980, when the premises were fit for occupancy, did not constitute a modification of the contract. The written contract clearly states that rent shall not commence until the premises are ready for occupancy and that the failure to pay rent shall not extend the term stated therein. Furthermore, any agreement to extend the term of the lease would not affect the option to purchase unless the extension agreement specifically incorporated the option to purchase (cf. *Gulf Oil Corp. v Buram Realty Co.,* 11 NY2d 223). Since the lease and option to purchase expired on December 31, 1980, plaintiff's right to possession of the premises ceased at that time and the tender of payment on February 27, 1981 was untimely. Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.