■ THOMAS R. KENNEDY, Respondent, v VALLEY FORGE INSURANCE COMPANY et al., Appellants, and LOUIS C. MANCUSO et al., Respondents. [612 NYS2d 712] —Judgment modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Supreme Court properly rejected the contention of defendants Valley Forge Insurance Company (Valley Forge) and CNA Insurance Company (CNA) that the automobile liability insurance policy that Valley Forge and CNA issued to defendant Louis C. Mancuso did not provide coverage to David L. Mancuso for the May 23, 1991 accident that resulted in the underlying tort action. David Mancuso was listed in the relevant insurance policy as a "named driver" along with his parents. The failure of the policy to define the term "named driver" or to exclude it from coverage gives rise to an ambiguity that must be construed in favor of the insured (see, Tri Town Antlers Found. v Fireman's Fund Ins. Co., 76 NY2d 841). If Valley Forge and CNA wished to exclude "named driver" from coverage, they were required to do so in clear and unmistakable language (see, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). They did not do so and we conclude therefrom that the parties intended that David Mancuso be afforded the same coverage as his parents under the policy.

Supreme Court, in granting the cross motions of plaintiff and Louis and David Mancuso for summary judgment, should also have declared the rights of the parties (see, Sanchez v Eckstrom, 203 AD2d 931 [decided herewith]). The judgment is modified, therefore, and judgment is granted declaring that the automobile liability insurance policy issued by Valley Forge and CNA to Louis Mancuso provides coverage for David Mancuso for the May 23, 1991 automobile accident.

All concur except Lawton and Davis, JJ., who dissent and vote to reverse in the following Memorandum.

Lawton and Davis, JJ. (dissenting). We respectfully dissent. Supreme Court was correct in holding that "[t]he exclusion B.3 clearly sets forth that the policy did not provide liability coverage for the automobile David was driving". Because that exclusion from coverage applies, the judgment should be

reversed. Supreme Court erred in going beyond that clearly worded exclusion to find an ambiguity elsewhere "in the four corners of the policy" *(see, Breed v Insurance Co.,* 46 NY2d 351). No amount of construction can equate the terms "named insured" with "named driver" to bring the claim within that exclusion's exception for "named insured". The provisions of the insurance contract are clear and, therefore, the contract must be enforced as written *(cf., State of New York v Home Indem. Co.,* 66 NY2d 669). Consequently, Supreme Court incorrectly held as a matter of law that David Mancuso's coverage as a "named driver" was identical to the coverage afforded to Louis Mancuso as a "named insured".

Additionally, it is well settled that, when a contract is unambiguous, circumstances extrinsic to the contract may not be considered *(see, General Phoenix Corp. v Cabot,* 300 NY 87; *Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456). Thus, in this declaratory judgment action to enforce the terms of the insurance contract, it was error for Supreme Court to consider facts extrinsic to the contract. If, as plaintiff and Louis and David Mancuso contend, the named insured Louis Mancuso bargained for and Valley Forge Insurance Company (Valley Forge) and CNA Insurance Company (CNA) agreed to provide "named insured" coverage for his son, David, then the remedy is an action for reformation or in negligence, not an action on the contract.

Thus, we would deny the cross motions, grant the motion and declare that Valley Forge and CNA are *not* liable under the policy, without prejudice to the right of plaintiff and Louis and David Mancuso to seek alternative relief. (Appeal from Judgment of Supreme Court, Chautauqua County, Gerace, J. —Declaratory Judgment.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.