■ NEW YORK COMMUNITY BANK, Appellant, v SNUG HARBOR SQUARE VENTURE, Respondent. [749 NYS2d 170] —In an action, inter alia, for a judgment declaring, in effect, that the plaintiff effectively exercised its option to renew a lease, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered October 29, 2001, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff did not effectively exercise its option to renew its lease.

The Supreme Court properly granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1). To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must resolve all factual issues as a matter of law, and

conclusively dispose of the plaintiff's claim (*see Teitler v Pollack & Sons*, 288 AD2d 302; *Kalivia Food Corp. v Hunts Point Coop. Mkt.*, 244 AD2d 460). The defendant proffered documentary evidence, in the form of the lease itself and a letter dated August 12, 2001, which flatly contradicted the allegations in the complaint and warranted its dismissal.

Moreover, contrary to the plaintiff's contention, the record shows that the lease is not ambiguous on the issue of the expiration date (*see V.A.T. Collision Corp. v 1783 84th St. Realty Corp.*, 87 AD2d 839).

The plaintiff's remaining contentions are without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that the plaintiff did not effectively exercise its option to renew its lease (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.