■ HARRIS TOPEL, Respondent, v RELIASTAR LIFE INSURANCE COMPANY OF NEW YORK, Appellant. [774 NYS2d 790]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Mahon, J.), entered January 24, 2003, which denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and (2) an order of the same court entered March 24, 2003, which denied its motion for leave to renew.

Ordered that the appeal from the order entered March 24, 2003, is dismissed as academic in light of our determination on the appeal from the order entered January 24, 2003; and it is further,

Ordered that the order entered January 24, 2003, is reversed, on the law, the defendant's motion to dismiss the complaint is granted, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Pursuant to CPLR 3211 (a) (1), dismissal of a complaint is warranted where the documentary evidence resolves all factual issues as a matter of law and definitively disposes of the asserted claims (*see Randazzo v Gerber Life Ins. Co.,* 3 AD3d 485 [2004]; *Bank v Lake,* 284 AD2d 355 [2001]; *European Am. Bank v Miller,* 265 AD2d 374 [1999]). In the instant case, the plaintiff alleged that he paid a premium for term life insurance for a period in which no coverage was provided. Contrary to the plaintiff's assertions, the policy clearly stated when coverage began and when premiums were due, and there is no merit to his contention that his premium payment covered a period prior to the commencement of coverage or that he was entitled to 365

days of coverage for the initial premium payment (*see Randazzo v Gerber Life Ins. Co., supra; Dougherty v William Penn Life Ins. Co. of N.Y.,* 3 AD3d 469 [2004]). Accordingly, the defendant's motion to dismiss the complaint should have been granted.

The plaintiff's remaining contentions are without merit. Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.