■ Neil A. Goldman, Respondent, v Metropolitan Life Insurance Company, Appellant. [788 NYS2d 25]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 27, 2003, which denied the motion of defendant Metropolitan Life Insurance Company (MetLife) to dismiss the complaint in this putative class action pursuant to CPLR 3211 (a) (7), reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant MetLife dismissing the complaint.

On or about January 30, 2002, plaintiff Neil Goldman applied for a term life insurance policy from MetLife and expressly selected a so-called "cash on delivery" (C.O.D.) method of payment. Under this payment option, no coverage would take effect until the policy was physically delivered to the insured and until the insured paid the first premium in full. It was further provided that all subsequent annual payments would then become due on the anniversary date of the policy.

It is undisputed that Goldman paid his full first premium on May 6, 2002 and that the subject policy was actually physically delivered to him 24 days later on May 30, 2002, less than a full calendar year after the issue date of the policy.

Goldman subsequently commenced this putative class action on behalf of himself and others similarly situated, asserting four causes of action: (1) violations under General Business Law § 349; (2) breach of contract; (3) breach of implied covenant of good faith and fair dealing; and (4) unjust enrichment. In essence, the complaint alleges that MetLife deceptively denied its C.O.D. policyholders full coverage by charging and collecting "annual" life insurance premiums for less than 365 days of coverage for the first policy year. In particular, Goldman contends that since he did not receive his policy until May 30, he paid a premium for 24 days of coverage that he did not actually receive. MetLife thereafter moved to dismiss the complaint for failure to state a cause of action, contending that Goldman's

allegations are contradicted by documentary evidence, i.e., the clear and unambiguous terms of the subject policy. The IAS court denied the motion, finding that "the fact that the policyholder is not receiving coverage for a full year, although paying a premium for that full year, is enough to withstand the motion to dismiss." We now reverse.

It is well settled that on a motion to dismiss, a court must liberally construe the complaint in the light most favorable to plaintiff and all factual allegations therein must be accepted as true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634 [1976]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *P.T. Bank Cent. Asia v ABN AMRO Bank*, 301 AD2d 373, 375-376 [2003]). Where documentary evidence, however, resolves all factual issues as a matter of law, the dismissal of the complaint is warranted (*see Topel v Reliastar Life Ins. Co.*, 6 AD3d 608 [2004]; *Dougherty v William Penn Life Ins. Co. of N.Y.*, 3 AD3d 469 [2004], *lv denied* 2 NY3d 704 [2004]; *Randazzo v Gerber Life Ins. Co.*, 3 AD3d 485 [2004], *lv denied* 2 NY3d 704 [2004]).

Applying these standards to the instant matter, we find, as this Court also concludes in *Katz v American Mayflower Life Ins. Co. of N.Y.* (14 AD3d 195 [2004]), that the terms of the subject insurance policy, including the initial application, which was incorporated therein, were not ambiguous and clearly set forth when coverage was to begin and when the first and subsequent annual premiums were to be paid by the C.O.D. policyholders (*see Topel v Reliastar Life Ins. Co., supra; Dougherty v William Penn Life Ins. Co. of N.Y., supra; Randazzo v Gerber Life Ins. Co., supra*). Accordingly, the IAS court erred in failing to dismiss the complaint.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Nardelli, J.P., Sullivan and Lerner, JJ.

Tom, J., dissents in a memorandum as follows: Based upon the reasoning I set forth in *Katz v American Mayflower Life Ins. Co.* (14 AD3d 195, 202 [2004]), I respectfully dissent and would affirm the order denying summary judgment dismissing the complaint.

At issue on this appeal is whether defendant's life insurance contract is unambiguous so as to warrant dismissal of this putative class action seeking to recover unearned premiums for such period of time during the initial policy year that no coverage has been provided. Defendant contends that, when read as a whole, its policy reflects that the first "annual" premium purchases less than a full year of coverage. Plaintiff's position is

that an "annual" premium implies the amount charged for a year of coverage and that defendant's practice of setting premiums on an "annual" basis is inherently inconsistent with its use of the delivery date to shorten the period during which coverage is afforded in the first policy year.

The policy contains a "schedule of annual premiums" that lists the "first year" premium as $217.50, the same amount as the premium for each of the succeeding 19 years. It contains a "policy date" (not defined) of May 6, 2002. The policy was physically delivered to plaintiff on May 30, 2002, at which time he paid the first "annual" premium.

While the insurance application states that coverage does not begin until the policy is delivered and "the full first premium due is paid," it does not disclose that the insured will be charged for a period prior to the effective date of coverage. It is necessary to compare the policy date and table of premiums with the policy's "payment" provision and the "amount and frequency" provision to deduce that the annual premium purchases less than a year's coverage during the initial policy year.

As a consequence of the disparity in bargaining power between the insurer and the insured, defendant is subject to the doctrine of contra proferentum (*see Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327 [1996]). To be accorded the meaning of "annual premium" that the insurer advocates, it must demonstrate that its interpretation of the words "is the only construction which may fairly be placed on them" (*Lachs v Fidelity & Cas. Co.*, 306 NY 357, 365 [1954]; *see Bronx Sav. Bank v Weigandt*, 1 NY2d 545, 551 [1956]).

While contending that the term "annual" refers "unambiguously" to the frequency of payment rather than the period of coverage, defendant points to no other area of insurance where an annual premium purchases less than a year of coverage. Defendant fails to demonstrate that its unusual and specialized use of the term was accepted by the insured (*see Frigaliment Importing Co. v B.N.S. Intl. Sales Corp.*, 190 F Supp 116, 121 [SD NY 1960]), in place of the generally accepted usage (*see Hartol Prods. Corp. v Prudential Ins. Co.*, 290 NY 44, 50 [1943]). In any event, Supreme Court properly decided that the necessity to peruse two documents and "piece together from the various parts of the policy the fact that the policyholder is not receiving coverage for the full year, although paying a premium for that full year, is enough to withstand the motion to dismiss." As remarked by the Ohio Court of Appeals, "[r]equiring an insured to read four distinct sections, contained in two separate documents comprising an insurance contract, to gain an

understanding of something as basic as the length of the initial coverage term renders this contract ambiguous" (*Margulies v Guardian Life Ins. Co.*, 2003 WL 1903437, *3, 2003 Ohio App LEXIS 1870, *9 [2003], *appeal denied* 99 Ohio St 3d 1545 [2003]).