■ Arlene Kesselman et al., Appellants, v Lever House Restaurant, Respondent. [816 NYS2d 13]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered October 24, 2005, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated and the matter remanded for further proceedings.

On October 31, 2003, plaintiff Arlene Kesselman, her husband and another couple, the Milsteins, were dining at defendant restaurant. Shortly after the main course, she and Mrs. Milstein proceeded to the restroom together, with Mrs. Milstein walking in front of this plaintiff. To get to the restroom, patrons had to walk down a large hallway. The hallway floor was dark, wide and shiny. Runners (carpets with rubber backing) had been placed on the floor but did not cover the entire width of it. The hallway was crowded with waiters and restaurant staff, mostly moving in the opposite direction of plaintiff.

Shortly after reaching the very beginning of the hallway, plaintiff was forced to walk to her left, onto the bare floor, to avoid several waiters who were working at a station located on the right side of the hallway. As she stepped off the runner, she slipped on a wet substance on the floor and fell, sustaining injuries.

Plaintiffs thereafter commenced this action, alleging, inter alia, that Mrs. Kesselman fell and sustained injuries as a result of a dangerous and defective condition existing on defendant's premises.

After completion of discovery, defendant moved for summary judgment dismissing the complaint, claiming that the record did not establish it had either created, or had actual or constructive notice of, the injury-causing condition on its premises. Plaintiffs opposed the motion, arguing, inter alia, that the evidence permits an inference to be reasonably drawn that defendant's employees created the wet condition that caused plaintiff's fall. This, plaintiffs argued, creates triable issues of fact precluding the granting of summary judgment.

The IAS court found that plaintiffs failed to raise an issue of fact as to whether defendant created, or had actual or constructive notice of, the condition that caused Mrs. Kesselman to fall. The court granted defendant's motion for summary judgment and dismissed the complaint.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Where a defendant moves for

summary judgment and establishes a prima facie entitlement to such relief as a matter of law, the burden shifts to the plaintiff to raise a triable issue of fact (*Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]). On a defendant's motion for summary judgment, the evidence should be liberally construed in a light most favorable to the plaintiff (*Goldman v Metropolitan Life Ins. Co.*, 13 AD3d 289, 290 [2004]).

To establish negligence in this type of slip-and-fall case, a plaintiff must demonstrate, inter alia, that the defendant breached its duty to the plaintiff by either creating a dangerous condition or, because it had actual or constructive notice thereof, failing to remedy the situation (*Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 250 [1984], *affd* 64 NY2d 670 [1984]). We need not address the issue of actual or constructive notice as defendant failed to establish, as a matter of law, that it did not create the wet condition which caused this plaintiff to slip and fall.

The evidence submitted by plaintiffs demonstrates that the hallway leading to the restaurant's restrooms was heavily utilized by waiters and other restaurant employees, as well as patrons utilizing the restroom. At the time of the incident, it was crowded with approximately 20 people, many of whom were moving in the opposite direction. Most of these people were waiters although Mrs. Kesselman stated some could possibly have been patrons coming from the restroom. However, she did not recall seeing patrons in the hallway at that time. Water and hot beverage service was located in this hallway, as well as waiter stations. Significantly, Mrs. Kesselman had to alter her path to the restroom as a result of waiters using one of these stations. The food from the kitchen was hand-carried to the dining room through this hallway. A small sink used to fill pitchers with water and ice was located near the waiter stations. The pitchers would be provided to patrons only by defendant's staff.

The floor in the hallway was made of terrazzo, a material that becomes very slippery when wet. Defendant's manager testified at his deposition that since the hallway was heavily traveled, slippery material such as food and drinks might fall to the floor based on its intended use. As a result, runners were placed in the hallway for "added safety" to create a secure path to avoid a slick condition in the event of accidental spills. These runners, however, did not cover the entire width of the hallway and had gaps between them.

Mrs. Kesselman testified at her deposition that after she fell, she noticed the bottom and seat of her pants were wet, and that it was more than mere dampness. Although she could not testify

as to how long the substance was there, we have previously held that summary judgment is not warranted simply because a plaintiff is unable to identify what debris was on the floor, how long it was there, and the manner in which it came to be on the floor (*Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294, 295 [1994]).

Given the fact that this hallway was a "center of activity for restaurant staff," it is permissible to draw the inference that defendant's employees created the wet condition that caused Mrs. Kesselman to slip and fall (*Deluna-Cole v Tonali, Inc.*, 303 AD2d 186, 187 [2003]), and thus it failed to demonstrate entitlement to summary judgment as a matter of law. Concur—Buckley, P.J., Friedman, Nardelli, Sweeny and Malone, JJ.