■ ANTHONY SHOOK et al., Plaintiffs, v BLUE STORES CORPORATION, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. ROBERT SCHUMER et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [817 NYS2d 190]—

Lahtinen, J. Appeal from an order of the Supreme Court (Hummel, J.), entered March 9, 2005 in Columbia County, which, inter alia, granted a motion by third-party defendants Robert Schumer and Ruth Oxenberg for summary judgment dismissing the third-party complaint against them.

Plaintiff Anthony Shook (hereinafter plaintiff) sustained injuries in a fall when a scaffolding collapsed while he was working on a construction project at a home owned by third-party defendants Robert Schumer and Ruth Oxenberg. Plaintiff and his wife, derivatively, commenced an action premised upon alleged violations of Labor Law §§ 200, 240 and 241 against defendant Blue Stores Corporation and an officer of that corporation, defendant Barry Sirmon, asserting, among other things, that Blue Stores and Sirmon acted as the general contractor and that work on the project was subcontracted to John Thackeray, who was plaintiff's employer. Sirmon, a school teacher who did construction work part time, contended that he was only a consultant on the project and that the owners exercised control over the project. Sirmon's company, Blue Stores, brought a third-party action against Schumer and Oxenberg (hereinafter collectively referred to as third-party defendants)* alleging, among other things, that they had breached their agreement to provide all insurance coverage for the project.

Following disclosure, plaintiffs moved for partial summary judgment on their Labor Law § 240 cause of action against Blue Stores and Sirmon, third-party defendants moved for summary

---

* Thackeray was also named as a third-party defendant and he ostensibly defaulted by not filing an answer.

judgment dismissing Blue Stores' action against them, and Blue Stores cross-moved for summary judgment on its claim against third-party defendants. Supreme Court denied Blue Stores' cross motion, but granted the motions of plaintiffs and third-party defendants. Blue Stores appeals asserting that there are triable issues as to whether third-party defendants breached the insurance requirement in their contract with Blue Stores.

"In determining the obligations of parties to a contract, 'courts will first look to the express contract language used to give effect to the intention of the parties, and where the language of a contract is clear and unambiguous, the court will construe and discern that intent from the document itself as a matter of law' " (*Hawkins Home Groups v Southern Energy Homes*, 276 AD2d 866, 867 [2000], quoting *Dryden Cent. School Dist. v Dryden Aquatic Racing Team*, 195 AD2d 790, 793 [1993]). Whether a provision of a contract is ambiguous is a question of law for the court and, if an ambiguity is found, extrinsic evidence may then be considered (*see Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 191 [1986]; *Comprehensive Health Solutions v Trustco Bank, N.A.*, 277 AD2d 861, 863 [2000]).

Here, the entire contract, which is called a "consulting arrangement[ ]" in the document, is less than a page in length and the germane provision regarding insurance provides, in its entirety, as follows: "It is agreed that Robert Schumer and Ruth Oxenberg will undertake to maintain all required insurance for the construction project including but not limited to; Workers Compensation, Personal Liability etc." This language is ambiguous. It purports to direct third-party defendants to procure "all required insurance," lists two types of insurance, but also uses "not limited to" and "etc." reflecting that other insurance coverage may have been contemplated.

The extrinsic evidence in the record does not provide an undisputed resolution of what the parties intended by their cursory contractual language. Schumer, a doctor, testified that he was familiar through his professional practice with naming someone as an additional insured, that such was not discussed with Sirmon and, thus, he did not purchase such coverage. Schumer added workers' compensation coverage and increased his own liability limits. Sirmon testified that third-party defendants agreed to supply all necessary insurance coverage for the project and they failed to do so, leaving him (and Blue Stores) without coverage. This was not a detailed agreement between parties routinely involved in the construction industry, and neither the contractual language nor the conflicting

extrinsic evidence in the record dispositively establishes the scope of coverage contemplated by the parties.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of third-party defendants Robert Schumer and Ruth Oxenberg; motion denied; and, as so modified, affirmed.