■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v KEON RUSSELL, Respondent. [835 NYS2d 279]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of, in effect, an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Queens County (Rios, J.), entered July 13, 2006, which, upon a decision of the same court dated April 20, 2006, made upon stipulated facts in lieu of a hearing, denied the petition and directed the parties to proceed to arbitration.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

The petitioner issued a New York State automobile insurance policy (hereinafter the policy) to Esmie Robinson. The policy's declarations page listed Robinson as the named insured, and her address as "452 Miller Avenue, Brooklyn NY." The petitioner concedes that the policy covers Donovan Russell (hereinafter Donovan) for purposes of "coverage S: death, dismemberment and loss of sight." Donovan is Robinson's brother and the father of the respondent, Keon Russell. It is undisputed that both Russells reside together in Brooklyn, but not with Robinson.

A renewal letter sent by the petitioner to Robinson indicated that Donovan was the only licensed driver reported to it. That letter also stated that the listing was "for informational purposes only and does not extend or expand coverage beyond that contained in this automobile policy."

The policy also contained a New York State uninsured motorist endorsement (hereinafter the UM coverage), which defined an insured as, inter alia: "1. You, as the named insured and, while residents of the same household, your spouse and the relatives of either you or your spouse; (2) Any other person while occupying: (i) A motor vehicle owned by the named insured or, if the named insured is an individual, such spouse . . . or (ii) Any other motor vehicle while being operated by the named insured or such spouse."

On May 21, 2000 the respondent was involved in an automobile accident with an uninsured vehicle while driving a car owned by Philippia Authurs. Thereafter, the respondent made

an uninsured motorist claim under the policy's UM coverage and subsequently demanded arbitration thereunder. In response to the petition seeking to stay the arbitration, the respondent asserted that Donovan, his father, was a named insured under the policy. Alternatively, he contended that the policy created an ambiguity as to his father's status, and that this ambiguity had to be resolved against the petitioner by rendering Donovan an additional insured under the policy. In either case, since he, the respondent, lived with his father, he was also entitled to full benefits under the policy.

Upon our remittal to the Supreme Court, Queen County, for a hearing (*see Matter of State Farm Mut. Auto. Ins. Co. v Russell*, 1 AD3d 371 [2003]), that court determined that the declarations page listed Donovan, the respondent's father, as " 'the only licensed driver reported to [the petitioner].' " Relying on *Kennedy v Valley Forge Ins. Co.* (203 AD2d 930 [1994], *affd* 84 NY2d 963 [1994]), the Supreme Court concluded that that listing of Donovan as a licensed driver created a policy ambiguity as to his status, which had to be construed against the petitioner. The court reasoned that this rendered Donovan a named insured and, since the respondent lived with Donovan, the respondent also was a covered person for purposes of the UM coverage. The court denied the petition and directed the parties to proceed to arbitration. We reverse.

Contrary to the Supreme Court's determination, the policy's declarations page does not list Donovan as the only licensed driver reported to it; that is in the petitioner's renewal notice. Such a listing, as opposed to being named as the only licensed driver in the body of the policy itself, did not create any ambiguity in the policy which would render him an additional insured based upon that alone (*cf. Kennedy v Valley Forge Ins. Co., supra*).

Furthermore, the policy's declarations page clearly lists Robinson as the only insured. The policy itself proceeds to define who is an insured based upon the familial relationship with the named insured, and further conditions that status as an insured upon the relative's residing with the named insured.

Here, it is undisputed that neither Donovan nor the respondent resided with Robinson, the policy's sole named insured. That Donovan was also insured for "coverage S" under the policy did not, without more, provide him with the full panoply of benefits accorded a named or additional insured under the policy. Accordingly, since Donovan was not a named or additional insured, the respondent did not come within the definition of an insured in the UM coverage and is not entitled to uninsured

motorist coverage (*see Matter of Horowitz v State Farm Mut. Auto. Ins. Co.*, 248 AD2d 471 [1998]). Therefore the petition to permanently stay arbitration should have been granted. Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.