■ DEBORAH METE, Appellant, v GMRI, INC., et al., Respondents. [836 NYS2d 609]—

Order, Supreme Court, Bronx County (Alan Saks, J.), entered March 23, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Defendant failed to establish that there is no triable issue as to whether it created the alleged hazard (*see Kesselman v Lever House Rest.*, 29 AD3d 302 [2006]). Indeed, the evidence indicates that plaintiff slipped and fell twice while being led to her table through a part of defendant's restaurant close to a "service bar" equipped with an ice machine and soda dispenser, and near a sink and coffee maker. The evidence also shows that the area was heavily trafficked by tray-carrying restaurant employees moving between the kitchen, beverage-dispensing and dining areas. Plaintiff described the floor on which she fell as "greasy," "wet" and "shiny," and her husband described it as "[w]et, shiny looking, dirty" from "people tracking all over the place." Although plaintiff could not testify as to how long the wet substance had been on the floor, the circumstances permit the inference that defendant's employees created the wet condition that caused plaintiff's accident (*see id.*). Concur—Friedman, J.P., Marlow, Nardelli, Buckley and Kavanagh, JJ.