■ In the Matter of GOVERNMENT GENERAL EMPLOYEES INSURANCE COMPANY, Respondent, v PEARSON CONSTANTINO, Appellant. [854 NYS2d 459]—

On June 29, 2006 the appellant, Pearson Constantino was struck by a hit-and-run driver as he was riding a bicycle, and allegedly sustained injuries. He subsequently sought benefits under the "supplementary uninsured/underinsured motorist" (hereinafter SUM) provisions of the "Family Automobile Insurance Policy" (hereinafter the policy) issued by the Government Employees Insurance Company, sued herein as Government General Employees Insurance Company (hereinafter GEICO), to his fiancée nonparty Julia K. Wrona. When GEICO denied payment, Constantino demanded arbitration of the claim. GEICO then commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration on the ground that Constantino was not a "resident relative" under the policy and, therefore, was not entitled to SUM benefits for his injuries. Constantino countered that he was entitled to SUM benefits because, when Wrona purchased the policy from GEICO, she specifically sought coverage for him that was equal to her own, and because a page on a website maintained by GEICO listed Constantino as a "driver[ ] covered" and an "individual covered" under the policy. The Supreme Court granted GEICO's petition for a permanent stay of arbitration, concluding that Constantino was not entitled to benefits because he was neither Wrona's spouse nor related to her. We affirm.

The policy unambiguously listed only Wrona as the named insured. Insofar as relevant here, the policy's SUM coverage provided benefits only to Wrona, her spouse, and their relatives, provided that they were residents of Wrona's household. Constantino is not mentioned in the policy, and it is undisputed that he was neither married to nor related to Wrona when he was injured. Thus, Constantino was not entitled to SUM benefits under the terms of the policy.

Constantino's contention that he was nonetheless entitled to SUM benefits because a web page maintained by GEICO listed him as an "individual covered" or as a "driver[ ] covered" under the policy is without merit. The policy provides that its "terms and provisions . . . cannot be . . . changed, except by an endorsement issued to form a part of this policy." The web page does not constitute such an endorsement. In any event, inasmuch as the language of the policy admits of no ambiguity, resort may not be had to the extrinsic web page which is not part of the policy (*see Matter of State Farm Mut. Auto. Ins. Co. v Russell*, 39 AD3d 759, 761 [2007]; *cf. Kennedy v Valley Forge Ins. Co.*, 84 NY2d 963 [1994], *affg* 203 AD2d 930 [1994]). Accordingly, the Supreme Court properly found that Constantino was not entitled to SUM benefits under the policy.

Constantino's remaining contention is without merit. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.