█ GUIDEONE SPECIALTY INSURANCE COMPANY, Individually and as Subrogee of TORAH ACADEMY FOR GIRLS, Respondent, v ADMIRAL INSURANCE COMPANY, Appellant, et al., Defendants. [869 NYS2d 565]—

In November 2002, the defendant Weingarten Custom Homes (hereinafter WCH) contracted with Torah Academy for Girls (hereinafter Torah Academy) to build an addition to Torah Academy's building (hereinafter the project). As required by the contract, Torah Academy was an additional insured under a liability insurance policy issued to WCH and various related companies by the defendant Admiral Insurance Company (hereinafter Admiral). However, contrary to the provision in the contract that required such coverage to be in the sums of no less than $2,000,000 per person and $5,000,000 per occurrence, WCH's policy with Admiral contained coverage limits of only $1,000,000 per person and occurrence. Torah Academy had secondary and excess coverage under a policy issued to it by the plaintiff, GuideOne Specialty Insurance Company (hereinafter GuideOne).

In September 2003, while working on the project, a construction worker was seriously injured in a fall, and he eventually commenced an action against Torah Academy. In a letter dated October 10, 2005, GuideOne sought assurances from Admiral's claims superintendent that Admiral would provide a "full defense and indemnification" to Torah Academy in the injured worker's personal injury action. The claims superintendent was asked to sign a copy of the letter and return it to counsel. The letter contained, inter alia, the following sentence: "[Admiral] is providing [Torah Academy] with a full defense and indemnification in this matter." Before signing and returning the letter, Admiral's claims superintendent handwrote an addition to the sentence, so that it read "[Admiral] is providing [Torah Academy] with a full defense and indemnification in this matter, *as it conforms with the contract between [WCH & Torah Academy]*" (emphasis added). Following this exchange of letters, the injured worker settled his action against Torah Academy for the sum of $1,225,000. Admiral paid $1,000,000 of that amount, and GuideOne paid $225,000.

GuideOne then commenced this action against, among others,

Admiral, seeking to recover the $225,000 it had paid as part of the settlement. GuideOne claimed that the letter, as signed by Admiral's claims superintendent, in effect, modified Admiral's policy to provide coverage in the sums of $2,000,000 per person and $5,000,000 per occurrence as required in the contract between WCH and Torah Academy. In a pre-answer motion, Admiral moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court denied the motion with leave to renew upon the completion of discovery. We reverse.

" '[T]o succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Ruffino v New York City Tr. Auth.*, 55 AD3d 817, 818 [2008], quoting *Morris v Morris*, 306 AD2d 449, 451 [2003]). The policy issued by Admiral expressly provided that its terms could not be "amended or waived [except] by endorsement issued by [Admiral] and made a part of this policy." The letter signed by Admiral's claims superintendent did not purport to be, and did not constitute, such an endorsement (*cf. Matter of Government Gen. Empls. Ins. Co. v Constantino*, 49 AD3d 736, 737 [2008]; *Matter of State Farm Mut. Auto. Ins. Co. v Russell*, 39 AD3d 759, 761 [2007]). Moreover, inasmuch as the policy is unambiguous with respect to the limits of the coverage afforded, resort to extrinsic evidence was not proper (*see Katz v American Mayflower Life Ins. Co. of N.Y.*, 14 AD3d 195, 200 [2004], *affd* 5 NY3d 561 [2005]; *Del Vecchio v Cohen*, 288 AD2d 426, 427-428 [2001]; *Furey v Guardian Life Ins. Co.*, 261 AD2d 355, 356 [1999]; *cf. Shook v Blue Stores Corp.*, 30 AD3d 811, 812 [2006]). Consequently, the documentary evidence submitted by Admiral in support of its motion conclusively established that its policy did not provide coverage beyond its stated limits (*see Topel v Reliastar Life Ins. Co. of N.Y.*, 6 AD3d 608 [2004]; *Randazzo v Gerber Life Ins. Co.*, 3 AD3d 485, 485-486 [2004]; *cf. Ruffino v New York City Tr. Auth.*, 55 AD3d 817 [2008]; *Krystal Investigations & Sec. Bur., Inc. v United Parcel Serv., Inc.*, 35 AD3d 817 [2006]). Accordingly, the Supreme Court should have granted the appellant's motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7).

GuideOne's remaining contention is without merit. Fisher, J.P., Balkin, McCarthy and Leventhal, JJ., concur.