■ MARLA ADLER et al., Appellants, v 20/20 COMPANIES et al., Defendants, and VERIZON COMMUNICATIONS, INC., et al., Respondents. [918 NYS2d 585]—

In their amended complaint, the plaintiffs alleged that they were jointly employed by the defendant 20/20 Communications, Inc. (hereinafter 20/20), and the defendants Verizon Communications, Inc., and Verizon Services Corp. (hereinafter together Verizon) to sell Verizon FiOS services on a commission basis. They commenced this action, inter alia, to recover damages pursuant to Labor Law § 215, which prohibits discrimination against an employee who complains to his to her employer regarding Labor Law violations, and who contends that he or she was fired in retaliation for complaining that he or she was not being paid commissions to which he or she was entitled. The amended complaint further alleged that Verizon was liable for tortious interference with prospective economic or contractual relations because it "black-listed" the plaintiffs, thereby preventing their employment by the defendant TRG Customer Solutions (hereinafter TRG), which also hired salespeople to sell FiOS services pursuant to an agreement with Verizon.

Verizon moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint insofar as asserted against it, contending that the plaintiffs were employed by 20/20, which provided sales and marketing services as an independent contractor to Verizon pursuant to an outsourcing agreement. Verizon contended that since it did not employ the plaintiffs, they had no cause of action against Verizon pursuant to Labor Law § 215. In support of the motion, Verizon submitted copies of its marketing agreement with 20/20 which recited, among other things, that "in providing any Services under this Agreement, [20/20] is acting solely as an independent contractor and not as an agent of any other party. Persons furnished by [20/20] shall be solely the employees or agents of [20/20] and shall be

under the sole and exclusive direction and control of such party. They shall not be considered employees of Verizon for any purpose."

The Supreme Court agreed with Verizon that the documentary evidence demonstrated that the plaintiffs were employed solely by 20/20 and dismissed the Labor Law § 215 causes of action insofar as asserted against Verizon. The Supreme Court further dismissed the cause of action to recover damages for tortious interference with prospective economic or contractual relations, finding that the plaintiffs had failed to plead that Verizon used wrongful means to prevent their employment by TRG. We affirm.

"Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Country Pointe at Dix Hills Home Owners Assn., Inc. v Beechwood Org.*, 80 AD3d 643 [2011]). In support of that branch of its motion which was to dismiss the causes of action alleging violation of Labor Law § 215, Verizon submitted various documents, including the agreement between Verizon and 20/20, which classified the plaintiffs solely as the employees of 20/20. That agreement further provided, in relevant part, that: "[20/20] will have the sole responsibility and authority for any and all selection, hiring, management, coaching, evaluation, discipline, promotion and employment termination of its employees, and Verizon agrees that it will not perform or attempt to perform any of the foregoing activities with respect to [20/20] employees. [20/20] has the sole right to provide direct management and supervision to its employees on-site at any time during Verizon's hours of operation. Verizon agrees to take no action or engage in any behavior that would reasonably be construed as the exercise or indicia of the employer rights or responsibilities or otherwise substantiate a 'joint employer' or 'co-employer' status for Verizon with respect to [20/20's] employees or otherwise subject itself or [20/20] to any employment-related claims."

In response to the foregoing evidence, the plaintiffs merely submitted three almost identically-worded affidavits which alleged, in conclusory fashion, that Verizon personnel were involved generally in the supervision, training, discipline, and termination of employees. However, these allegations, consisting of bare legal conclusions and claims that are flatly contradicted by Verizon's documentary evidence, were insufficient to warrant the denial of Verizon's motion (*see KSW Mech. Servs., Inc. v Willis of N.Y., Inc.*, 63 AD3d 411, 412 [2009]; *Ace Fire*

*Underwriter's Ins. Co. v ITT Indus., Inc.*, 55 AD3d 346 [2008]; *Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1999], *affd* 94 NY2d 659 [2000]). At most, the authority allegedly exercised by Verizon was consistent with a typical subcontracting arrangement, and did not render Verizon a joint employer of the plaintiffs. Accordingly, Verizon conclusively established with documentary evidence that it was not a coemployer of the plaintiffs, and that branch of its motion which was pursuant to CPLR 3211 (a) (1) to dismiss the causes of action for violation of Labor Law § 215 insofar as asserted against it was properly granted.

The Supreme Court's dismissal of the cause of action alleging tortious interference with prospective economic or contractual relations insofar as asserted against Verizon was likewise proper. To state a cause of action to recover damages for tortious interference with prospective contractual relations, the plaintiff must allege that the defendant engaged in culpable conduct which interfered with a prospective contractual relationship between the plaintiff and a third party (*see Smith v Meridian Tech., Inc.*, 52 AD3d 685 [2008]). "As a general rule, such culpable conduct must amount to a crime or an independent tort, and may include '[w]rongful means,' defined as 'physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure . . . . [M]ere knowing persuasion would not be sufficient' (*Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191, 196 [1980]; *see Carvel Corp. v Noonan*, 3 NY3d 182, 190-193 [2004]; *Smith v Meridian Tech., Inc.*, 52 AD3d at 687)" (*Lyons v Menoudakos & Menoudakos, P.C.*, 63 AD3d 801, 802 [2009]).

Accepting as true the factual allegations of the amended complaint regarding tortious interference with prospective contractual relations, as we must on this motion pursuant to CPLR 3211 (*see Leon v Martinez*, 84 NY2d at 87-88), we conclude that the plaintiffs have failed to adequately plead sufficiently wrongful conduct on the part of Verizon to support their cause of action.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Chambers, Lott and Cohen, JJ., concur. ∎