■ Maria Nisari et al., Respondents, v Azard Ramjohn et al., Defendants, and Ridge Abstract Corp., Respondent, and Commonwealth Land Title Insurance Company, Appellant. [927 NYS2d 358]—

In an action, inter alia, to recover damages for breach of a title insurance policy, the defendant Commonwealth Land Title Insurance Company appeals from an order of the Supreme Court, Queens County (Golia, J.), dated September 30, 2009, which denied its motion to dismiss the complaint insofar as as-

serted against it pursuant to CPLR 3211 (a) (1) and (7) and granted the plaintiffs' cross motion for leave to serve an amended complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the motion of the defendant Commonwealth Land Title Insurance Company which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) insofar as asserted against it is granted, that branch of the motion which was to dismiss the complaint pursuant to 3211 (a) (7) is denied as academic, and the plaintiffs' cross motion is denied.

The plaintiffs purchased a parcel of real property (hereinafter the subject property) from the defendants Azard Ramjohn and Vishmani Mohan (hereinafter the sellers). The plaintiffs obtained a title insurance policy (hereinafter the policy) from the defendant Commonwealth Land Title Insurance Company (hereinafter Commonwealth).

The plaintiffs commenced this action against, among others, the sellers, alleging, inter alia, that the subject property was a part of a larger parcel of property owned by the sellers, and that the sellers breached their contract with the defendants by failing to obtain a certificate of occupancy and subdivision approval from certain government agencies prior to the sale. The plaintiffs also asserted two causes of action against Commonwealth. The eleventh cause of action alleged that the plaintiffs were entitled to recover the value of the property from Commonwealth on the ground that Commonwealth "failed to raise an exception in the title report with regard to the lack of proper subdivision of the premises," and the twelfth cause of action alleged that the title delivered to them was unmarketable.

Commonwealth moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7). In support of its motion, Commonwealth submitted, among other things, the policy. The plaintiffs opposed Commonwealth's motion and cross-moved for leave to amend the complaint to add two additional causes of action against Commonwealth. In support of their position, the plaintiffs submitted, among other things, a certificate and report of title. The Supreme Court denied Commonwealth's motion and granted the plaintiff's cross motion. We reverse.

To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence which forms the basis of the defense must resolve all factual issues as a matter of law and conclusively dispose of the plaintiff's claim (see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 571 [2005]; FG Harriman

*Commons, LLC v FBG Owners, LLC*, 75 AD3d 527, 527-528 [2010]; *GuideOne Specialty Ins. Co. v Admiral Ins. Co.*, 57 AD3d 611, 613 [2008]). Although the facts alleged in the complaint are regarded as true, and the plaintiffs are afforded the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration (*see Adler v 20/20 Cos.*, 82 AD3d 915 [2011]; *Prudential Wykagyl/Rittenberg Realty v Calabria-Maher*, 1 AD3d 422, 422-423 [2003]; *New York Community Bank v Snug Harbor Sq. Venture*, 299 AD2d 329, 330 [2002]; *see also Maas v Cornell Univ.*, 94 NY2d 87, 91 [1999]).

The policy submitted by Commonwealth in support of its motion insured the plaintiffs against, among other things, unmarketability of the title. The term "[u]nmarketability of the title" was defined as "an alleged . . . matter affecting the title to the land, not excluded or excepted from coverage, which would entitle the purchaser . . . to be released from the obligation to purchase by virtue of a contractual condition requiring the delivery of marketable title."

The policy excepted from coverage loss or damage which arose by reason of "[a]ny law, ordinance or governmental regulation . . . restricting, regulating, prohibiting or relating to . . . the occupancy use, or enjoyment of the land . . . the character, dimensions or location of any improvement now or hereinafter erected on the land . . . [or] a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part."

"[A] policy of title insurance is a contract by which the title insurer agrees to indemnify its insured for loss occasioned by a defect in title" (*L. Smirlock Realty Corp. v Title Guar. Co.*, 52 NY2d 179, 188 [1981]; *see Darbonne v Goldberger*, 31 AD3d 693, 695 [2006]). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning . . . and the interpretation of such provisions is a question of law for the court" (*White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *see Appleby v Chicago Tit. Ins. Co.*, 80 AD3d 546, 549 [2011]).

Here, the policy is clear and unambiguous with respect to the limits of coverage afforded. Accordingly, no consideration should have been given to the certificate and report of title submitted by the plaintiffs since, by its own terms, it was rendered null and void upon the delivery of the policy, and therefore constituted extrinsic evidence (*see GuideOne Specialty Ins. Co. v*

*Admiral Ins. Co.*, 57 AD3d 611, 613 [2008]; *Krystal Investigations & Sec. Bur., Inc. v United Parcel Serv., Inc.*, 35 AD3d 817, 818 [2006]). Moreover, the " '[m]ere assertion by one that contract language means something to him, where it is otherwise clear, unequivocal and understandable when read in connection with the whole contract, is not in and of itself enough to raise a triable issue of fact' " (*Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 571 [2005], quoting *Bethlehem Steel Co. v Turner Constr. Co.*, 2 NY2d 456, 460 [1957]).

We conclude that the documentary evidence submitted by Commonwealth flatly contradicted the assertions made in the eleventh and twelfth causes of action and warranted their dismissal (*see Adler v 20/20 Cos.*, 82 AD3d 915 [2011]; *Cohen v Nassau Educators Fed. Credit Union*, 37 AD3d 751, 752 [2007]; *Prudential Wykagyl/Rittenberg Realty v Calabria-Maher*, 1 AD3d at 422-423; *New York Community Bank v Snug Harbor Sq. Venture*, 299 AD2d at 330). Accordingly, the Supreme Court should have granted Commonwealth's motion to dismiss the complaint insofar as asserted against it.

Furthermore, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' cross motion for leave to serve an amended complaint. While generally leave to amend should be freely given (*see* CPLR 3025 [b]), leave should not be granted where "the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit" (*Morton v Brookhaven Mem. Hosp.*, 32 AD3d 381, 381 [2006]; *see Jenal v Brown*, 80 AD3d 727, 728 [2011]). Here, the proposed amendments were totally devoid of merit. Accordingly, the Supreme Court should have denied the plaintiffs' cross motion for leave to serve an amended complaint. Rivera, J.P., Eng, Roman and Miller, JJ., concur.