*Indoafric Exports Private Ltd. v. Citibank, N.A.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand seventeen.

PRESENT:

> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

INDOAFRIC EXPORTS PRIVATE LTD. CO.,

> *Plaintiff-Appellant,*

> > v.                                No. 16-4101

CITIBANK, N.A.,

> *Defendant-Appellee.*

_____

| | |
|---|---|
| FOR APPELLANT: | James J. DeCristofaro, DCL Firm (DeCristofaro Law), New York, NY. |
| FOR APPELLEE: | Ronald M. Neumann, Zeichner Ellman & Krause LLP, New York, NY. |

Appeal from judgment of the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 9, 2016 judgment of the District Court is **AFFIRMED**.

Indoafric Exports Private Limited ("Indoafric") appeals from the District Court's 2016 dismissal under Federal Rule of Civil Procedure 12(b)(6) of its claims arising from Citibank's refusal in 1996 to honor two letters of credit. Indoafric alleges that Citibank's actions violated the Uniform Customs and Practice for Documentary Credits (1993 Revision) International Chamber of Commerce Publication No. 500, a standard that was incorporated by reference into the letters of credit. The District Court concluded that Indoafric's claim for wrongful dishonor of the letters of credit, first made in a complaint filed in 2015, were barred by the applicable statutes of limitations and that Indoafric was not entitled to equitable tolling of the statutes to enable it to pursue that claim.[1] We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

Indoafric first argues that the District Court erred in its ruling on equitable tolling. Reviewing the District Court's determination in this respect for abuse of discretion, *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012), we find none. The District Court held that New York law controls the application of equitable tolling here, and the parties do not challenge that ruling on appeal. In New York, "the doctrines of equitable tolling or equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (internal quotation marks omitted). Typically, "mere silence or failure to disclose the wrongdoing is insufficient." *Ross v. Louise Wise Servs., Inc.*, 868 N.E.2d 189, 198 (N.Y. 2007) (internal quotation marks omitted). Where

[1] Indoafric also brought claims for unjust enrichment and promissory estoppel, but the District Court held that those claims fail as a matter of law because the parties' relationship is governed by a contract. Indoafric does not challenge that ruling on appeal, so we deem those claims abandoned.

2

a defendant has a "duty to speak," however, and fails to do so, a plaintiff's reliance on a defendant's silence can provide grounds for equitable tolling. *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, 720 F.3d 84, 90 (2d Cir. 2013).

Indoafric does not dispute that a six-year statute of limitation applies to its claim for wrongful dishonor of letters of credit or that it filed suit long after the expiration of this period. It instead argues that it did not discover Citibank's alleged dishonor of the letters of credit until 2012, when it received certain documents from Kenyan bankruptcy authorities. This was more than fifteen years after "Citibank . . . failed to honor the letters of credit," in 1996. Am. Compl. ¶ 10. Attempting to excuse its asserted delay in discovering Citibank's failure to honor the letters of credit, Indoafric blames Citibank's purported violation of a duty to speak and claims that Citibank's conduct entitles it to equitable tolling. According to Indoafric's complaint, the letters of credit required Citibank to inform Indoafric's advising bank, State Bank of India, whether it would accept or refuse the documentation presented in support of the demand on the letters of credit and to do so within seven business days of Citibank's receipt of the documentation. The complaint alleges that Citibank failed to meet this obligation. It points to a DHL receipt that is an exhibit to the complaint and alleges that the receipt shows Citibank's attempt to return the documents occurred not seven, but "ten banking days after Citibank received [them]" in 1996. Am. Compl. ¶ 16 (emphasis omitted); *see also id.* Ex. I. In light of Citibank's apparent tardiness of three days in rejecting the documents, Indoafric argues that Citibank did not satisfy its duty to speak and to disclose its tardiness to Indoafric. For this reason it urges the Court to equitably toll the applicable statute of limitations and deem its breach of contract claim timely filed.

Even accepting the proposition that in 1996 Citibank had and failed to meet such an obligation, the complaint's allegations do not adequately support Indoafric's claim for equitable tolling. If Indoafric believed, as it claims, that Citibank was bound to honor the letters of credit throughout the more than fifteen-year period between 1996 and 2015, Indoafric's failure until 2015 to take formal action against Citibank seeking enforcement of the letters' terms amounts to an inexcusable lack of diligence. *See Abbas*, 480 F.3d at 642

3

("Due diligence on the part of the plaintiff in bringing an action . . . is an essential element of equitable relief." (internal quotation marks and alteration omitted)). Indoafric's allegations that Citibank had failed in a duty to speak do not alter this calculus. Although Indoafric alleges that neither it nor State Bank of India ever received the documents that Citibank entrusted to DHL for delivery to them, the complaint does not allege that Citibank never *sent* them. Citibank's obligation was, according to Indoafric, no more than to accept or refuse the documents, and under Indoafric's own account, Citibank met that obligation when it refused the tendered documents. To the extent that Indoafric argues that the three-day delay in rejecting the documents and Citibank's twenty-year silence thereafter were acts of such nefarious concealment that they entitle Indoafric to equitable tolling, we are hardly persuaded.

Indoafric also argues that even if Citibank had no obligation to speak, its "persistent silence" amounted to "active concealment." Appellant's Br. 18-19. As discussed above, however, this argument has no purchase: "[t]he uncommon remedy of equitable estoppel is triggered by some conduct on the part of the defendant after the initial wrongdoing; mere silence or failure to disclose the wrongdoing is insufficient." *Ross*, 868 N.E.2d at 198 (internal quotation marks omitted); *accord Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1184 (N.Y. 2012); *Zumpano v. Quinn*, 849 N.E.2d 926, 929–30 (N.Y. 2006). In contending to the contrary, Indoafric relies on *General Electric Capital Corp. v. Armadora, S.A.*, 37 F.3d 41 (2d Cir. 1994), in which we stated, "Silence in the face of an explicit contrary assumption by an innocent party may constitute a concealment of facts or a false misrepresentation for estoppel purposes." *Id.* at 45. The plaintiff in *Armadora*, however, explicitly communicated its erroneous assumption to the defendant, who stayed silent in the face of the misconception. Here, Indoafric alleges that on unspecified occasions between 1996 and 2014, it wrote letters to Citibank "indicating that neither State Bank [of India] nor [Indoafric] was aware that Citibank had dishonored the letters of credit." Am. Compl. ¶ 18. The complaint stops well short, however, of alleging that Indoafric explicitly informed Citibank of its belief that the letters for credit were still in effect. Indeed, such a belief would be difficult to reconcile with even the facts as alleged by Indoafric. *Armadora* is thus inapposite.

4

Finally, Indoafric seeks remand to enable it to conduct discovery on Citibank's allegedly fraudulent concealment. Indoafric appears already to have had the benefit of at least some informal discovery from Citibank, as it submitted as attachments to its complaint several documents turned over to it by Citibank, including the DHL receipt mentioned above. Nevertheless, it now seeks "all of [Citibank]'s internal communications and deliberations" about the letters of credit as well as "all other communications between [Citibank] and any third party" about them. Appellant's Br. 25-26. We review the District Court's order denying discovery for abuse of discretion. *See Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016). We identify no such abuse here.

* * *

We have considered plaintiff's remaining arguments on appeal and conclude that they are without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court