Matter of Travelers Home & Mar. Ins. Co. v Barowitz (2022 NY Slip Op 05131)

Matter of Travelers Home & Mar. Ins. Co. v Barowitz

2022 NY Slip Op 05131

Decided on September 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 06, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 650092/20 Appeal No. 16113 Case No. 2021-04515 

[*1]In the Matter of The Travelers Home and Marine Insurance Company sued herein as Travelers Insurance Company, Petitioner-Appellant,
v
Elliot Barowitz, Respondent-Respondent, Zachary Barowitz, Proposed Additional Respondent.

Law Office of Tina Newsome-Lee, New York (Albert J. Galatan of counsel), for appellant.
Greenberg Law, P.C., New York (Joseph P. DePaola of counsel), for respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about March 11, 2021, which denied petitioner Travelers Home and Marine Insurance Company's petition to stay the uninsured/underinsured motorist benefits arbitration and ordered the parties to proceed with the arbitration, unanimously reversed, on the law, without costs, the matter remanded for a framed issue hearing on whether respondent Elliott Barowitz is a resident of the insured's household for purposes of uninsured/underinsured motorist coverage, and arbitration proceedings stayed pending a determination on the framed issue hearing.
Petitioner insurer issued a Maine automobile liability insurance policy to proposed additional respondent Zachary Barowitz. The policy's declaration page listed Zachary as the named insured, residing at 28 Gilman Street, Portland, Maine. In 2013, Zachary's residence on the policy was changed to 22 Huntress Street, Portland, Maine. Respondent Elliott Barowitz is Zachary's father and was added as a driver to the policy in 2017.
The policy contained an uninsured/underinsured motorist endorsement (SUM coverage) which defined an insured as, among other things, "1. You or any family member." The policy defined "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household."
On May 22, 2019, Elliott allegedly was involved in an incident in which, as a pedestrian, he was struck by a motor vehicle while crossing a street. Thereafter, Elliott made an uninsured/underinsured motorist claim under the policy's SUM coverage and subsequently demanded arbitration under the policy.
In response to the petition seeking to stay the arbitration, Elliott asserted that he was an insured under the policy. Alternatively, he contended that the policy created an ambiguity as to his status, and that this ambiguity had to be resolved against petitioner. Elliott also contended that he maintains residences in Maine with Zachary and in New York, and, since he resided with Zachary in Maine, he was a covered person for purposes of the SUM coverage. The court denied the petition and directed the parties to proceed to arbitration.
Contrary to the motion court's determination, the addition of Elliott as a driver does not mean that he meets the definition of an insured under the policy (see Matter of State Farm Mut. Auto Ins. Co. v Russell, 39 AD3d 759, 761-762 [2d Dept 2007]; cf. Kennedy v Valley Forge Ins. Co., 203 AD2d 930, 930 [4th Dept 1994], affd 84 NY2d 963 [1994]). The policy is clear as to who is an insured and who is a driver.
However, a hearing is required to determine the question of fact as to whether Elliott is covered as a resident family member (see Progressive N. Ins. Co. v Pedone, 139 AD3d 958, 959 [2d Dept 2016]). The policy conditions the status of an insured relative on whether the relative resides with the named insured. Residency is established by a degree of permanency and an intention to remain, and [*2]a person may have more than one residence (see Matter of Allstate Ins. Co. [Rapp], 7 AD3d 302, 303 [1st Dept 2004]). Here, both parties have proposed that it would be reasonable to hold a framed issue hearing, and Elliott has raised sufficient facts to warrant one, including that he splits his time between Maine and New York, spends a portion of each year at 22 Huntress Street where he keeps personal items and has a bedroom, furnishes the house and landscapes the yard jointly with Zachary, and holds the only mortgage on the property.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 6, 2022