Modern Art Servs., LLC v Financial Guar. Ins. Co. (2018 NY Slip Op 03739)





Modern Art Servs., LLC v Financial Guar. Ins. Co.


2018 NY Slip Op 03739


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6647 651115/16

[*1]Modern Art Services, LLC, Plaintiff-Appellant,
v
Financial Guaranty Insurance Company, Defendant-Respondent.


The Majorie Firm, Ltd., New York (Francis B. Majorie of counsel), for appellant.
Weil, Gotshal & Manges LLP, New York (Edward Soto of counsel), for respondent.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered on or about October 13, 2016, which, insofar as appealed from, granted defendant's motion to dismiss the claims for breach of contract, breach of warranty, and unjust enrichment pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
During the City of Detroit's bankruptcy proceedings, defendant, one of the City's largest unsecured creditors, engaged plaintiff to assemble a financing proposal and obtain commitments from lenders to loan the City billions of dollars, secured by the City's museum's art collection. The parties' contract provided that plaintiff would be paid an "Additional Fee" if certain conditions were satisfied. The parties dispute whether plaintiff is entitled to the Additional Fee.
Paragraph 3(b)(x) sets forth the condition that "the receipt of the Art Proceeds [be] effected through one or more provisions of [Detroit's Bankruptcy] Plan relating to use of the DIA [Detroit Institute of Arts] Collection or any portion thereof in a manner different than that contemplated in the Fourth Amended Plan." Plaintiff contends that this condition was satisfied because the Fourth Amended Plan was a "cram-down" plan, whereas the Eighth Amended Plan (the Plan ultimately confirmed) was consensual, the State of Michigan extended the deadline for approval of the plan containing the "Grand Bargain" (an agreement to sell or transfer the DIA collection to a charitable trust for a sum to be paid over 20 years by DIA donors, foundations and the State of Michigan, the proceeds to be used to be to fund a portion of the pension claims owed by the City), and the State added conditions for funding relating to its portion of the Grand Bargain. However, none of these differences between the Fourth Amended Plan and the Eighth Amended Plan "relat[es] to use of the DIA Collection or any portion thereof," as required under paragraph 3(b)(x); plaintiff may not read that phrase out of the paragraph (see e.g. NML Capital v Republic of Argentina, 17 NY3d 250, 259-260 [2011]; Schiavone Constr. Co., Inc. v City of New York, 106 AD3d 427 [1st Dept 2013]).
Plaintiff argues that the contract must be interpreted with "regard to the surrounding circumstances" (Matter of Stravinsky, 4 AD3d 75, 81 [1st Dept 2003] [internal quotation marks omitted]), and that, when the parties entered into their contract, they knew it was unlikely that the Bankruptcy Court would change the Grand Bargain, i.e., would allow the City to sell the DIA Collection or use it as collateral for a loan. However, it is fundamental that a contract is construed in accord with the parties' intent, and, as plaintiff itself admits, the best evidence of the parties' intent is "what they say in their writing" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002] [internal quotation marks omitted]; see also Ashwood Capital, Inc. v OTG Mgt., Inc., 99 AD3d 1, 7 [1st Dept 2012]). Plaintiff also suggests that it is unfair for it not to be compensated when defendant vastly improved its situation between the Fourth and Eighth Amended Plans. However, "the possibility of unfairness to plaintiff [does not] warrant an interpretation of paragraph [3(b)(x)] that is not in accordance with its unambiguous language" (RM 14 FK Corp. v Bank One Trust Co., N.A., 37 AD3d 272, 274 [1st Dept 2007]).
Since the various conditions on which the Additional Fee depends are listed in the [*2]conjunctive in paragraph 3(b), having determined that one (3[b][x]) was not met, we need not consider the remaining conditions.
The breach of warranty claim was correctly dismissed, because, by its terms, defendant's warranty applies only to "a modification of terms of the Fourth Amended Plan relating to a sale, disposition, transfer, financing or other utilization of the DIA Collection to generate proceeds to the City," which did not occur. Plaintiff relies on the alleged purpose of the warranty. However, the contract — particularly because it is a commercial contract negotiated at arm's length by sophisticated business people represented by counsel — should be enforced according to its terms (Ashwood, 99 AD3d at 7). Moreover, the parties' contract contains both a no-oral-modification clause and a broad merger clause, which as a matter of law precludes any claim based on an unexpressed alleged intent (id. at 9).
Plaintiff requests that the dismissal of its quantum meruit/unjust enrichment claim be without prejudice in the event subsequent proceedings in the case may make the claim viable. However, the claim would be made viable only if defendant withdrew its statement that the parties' contract can be enforced (see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572 [2005]), and defendant would not be permitted to withdraw the statement.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK