Misamore v Godfrey (2022 NY Slip Op 00131)





Misamore v Godfrey


2022 NY Slip Op 00131


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Index No. 655980/19 Appeal No. 15040 Case No. 2021-00853 

[*1]Bruce Misamore, Plaintiff-Appellant,
v
David Godfrey et al., Defendants-Respondents.


Storch Byrne LLP, New York (Edward P. Dolido of counsel), for appellant.
Faegre Drinker Biddle & Reath LLP, New York (Jeffrey S. Jacobson of counsel), for David Godfrey, Steven Theede and Michel Guillenschmidt, respondents.
Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., New York (Kevin N. Ainsworth of counsel), for Marc Fleischman, respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about February 5, 2021, which, to the extent appealed from, granted defendants' motions to dismiss the complaint as against them, unanimously affirmed, with costs.
The breach of contract claim is conclusively refuted by the alleged agreement and other documents attached to the complaint, which show that the obligations that plaintiff claims were breached are not contained in the agreement (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
Because defendants were not parties to the alleged agreement, they cannot be held liable for a breach of the implied covenant of good faith and fair dealing (see Duration Mun. Fund, L.P. v J.P. Morgan Sec. Inc., 77 AD3d 474 [1st Dept 2010]).
In the absence of a breach of the alleged agreement, defendants cannot be held liable for tortious interference (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]).
The unjust enrichment claim is barred by the express agreement governing the subject matter at issue, i.e., plaintiff's bonus (see Goldman v Metro. Life Ins. Co., 5 NY3d 561, 572 [2005]).
In view of our decision, we need not reach the other issues raised by the parties.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022