Matter of People Care Inc. v Contract Dispute Resolution Bd. of the City of N.Y. (2025 NY Slip Op 02734)

Matter of People Care Inc. v Contract Dispute Resolution Bd. of the City of N.Y.

2025 NY Slip Op 02734

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 161749/23|Appeal No. 4270|Case No. 2024-02599|

[*1]In the Matter of People Care Incorporated, Petitioner-Appellant,
v
Contract Dispute Resolution Board of the City of New York et al., Respondents-Respondents.

Olshan Frome Wolosky LLP, New York (Karrin T. Klein of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Phillip W. Wong of counsel), for New York City Human Resources Administration, respondent.

Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about March 13, 2024, which denied the petition to annul the August 4, 2023 determination of respondent Contract Dispute Resolution Board (CDRB) finding that respondent Human Resources Administration (HRA) properly sought recoupment of Health Care Reform Act (HCRA) funds that went unspent by petitioner (People Care) during the fiscal years that the funds were received, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
CDRB's determination was not arbitrary and capricious or affected by an error of law (CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). In prior litigation brought by People Care arising from the same contract and the same effort by HRA to recoup funds that went unspent during fiscal years 2003 and 2004, the Court of Appeals held that "funds for personal care services paid to petitioner People Care Inc. under the Health Care Reform Act . . . are Medicaid funds subject to the audit and recoupment authority of . . . [ ]HRA[ ] in accordance with the parties' 2001 contract" (Matter of People Care Inc. v City of N.Y. Human Resources Admin., 36 NY3d 1088, 1090 [2021], revg 175 AD3d 134 [1st Dept 2019], citing Public Health Law § 2087-v[1][bb][i], [iii]; accord Matter of City of New York v Contract Dispute Resolution Bd. of the City of N.Y., 202 AD3d 532, 533 [1st Dept 2022]; Matter of New York Health Care, Inc. v City of N.Y. Human Resources Admin., 201 AD3d 474, 475 [1st Dept 2022]). The Court of Appeals expressly adopted the reasons stated in the dissenting opinion of this Court (Matter of People Care Inc., 36 NY3d at 1089), that because "HCRA funds are merely a subset of the contractual Medicaid funds," they "are subject to annual auditing and recoupment by [HRA]" (Matter of People Care Inc., 175 AD3d at 150, 150, 152 [1st Dept 2019, Richter, J., dissenting]). Thereafter, in a similar matter concerning another personal care provider whose contract was "nearly identical" to People Care's contract herein, this Court held that "the annual auditing and recoupment of Medicaid funds left unspent during each fiscal year is in accordance with the parties' 2001 contract" (Matter of City of New York, 202 AD3d at 533-534, citing Matter of People Care, 36 NY3d at 1090). As People Care admits that it did not spend the funds during the fiscal years received, the challenged CDRB determination comports with this binding precedent.
Contrary to People Care's contention, CDRB rationally found that HRA may seek recoupment even though People Care alleged that it spent the 2003 and 2004 funds in later years but before the audit. The status of the funds as Medicaid funds establishes that they were "subject to annual auditing and recoupment by [HRA], since they are subject to the same rules and procedures [*2]applicable to all other Medicaid funds, including the authority of HRA . . . to audit and recoup excess HCRA funds paid to providers" (Matter of City of New York, 202 AD3d at 533 [internal quotation marks omitted]). Moreover, the record shows that People Care first claimed to have already spent the funds at issue in its June 7, 2021 appeal of the audit.
We have considered People Care's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025